CAROL A. HAMMERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hammers v. Commissioner
Docket Nos. 3119-85; 40344-85.
United States Tax Court
T.C. Memo 1988-167; 1988 Tax Ct. Memo LEXIS 197; 55 T.C.M. (CCH) 654; T.C.M. (RIA) 88167; April 21, 1988. Carol A. Hammers, pro se. David G. Hendricks, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: In these consolidated proceedings, respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Section [1]
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(b)
6654
1978
$ 3,270.00
--
--
$ 1,635.00
$  38.07
1979
3,893.06
--
--
1,946.53
114.00
1980
4,428.55
--
--
2,214.28
265.84
1981
5,241.00
--
--
2,620.50
389.74
1982
3,744.00
$ 846.00
$ 187.20
--
320.70
1983
3,950.00
840.00
197.50
--
196.58
For the taxable years 1978, 1979, 1980, and 1981, respondent, in his answer, pleads in the alternative that, in the event the Court *199 determines petitioner is not liable for the addition to tax under section 6653(b), petitioner is liable for the additions to tax under sections 6651 and 6653(a)(1), and 6653(a)(2) for 1981. For the taxable years 1982 and 1983, respondent in his amendment to answer pleads the addition to tax under section 6653(b) [2] and, in the alternative, in the event the Court determines petitioner is not so liable, that petitioner is liable for the additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). Additionally, respondent orally requested that petitioner be liable for damages to the United States pursuant to section 6673 in the amount of $ 5,000 in each docketed case. [3]
For purposes of discussion, the *200 findings of act and opinion are combined. Some of the facts have been stipulated. The stipulations of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Oklahoma City, Oklahoma, at the time she filed her petitions in these consolidated cases. During each of the years in issue, petitioner was employed by the Board of Education of Oklahoma City, Oklahoma, as a teacher in the city's public school system. In each of these years, petitioner was paid wages by the Board of Education as compensation for her services as follows: Year
Wages
1978
$ 12,675.64
1979
15,118.88
1980
16,693.84
1981
19,290.56
1982
20,977.52
1983
23,092.38
Additionally, respondent determined that petitioner had interest income for each of the years in issue in the amount of $ 5,046,00. Petitioner filed a proper Federal income tax return for the taxable year 1977, reporting income aggregating $ 16,722.78 from wages paid to her as a teacher in the amount of $ 11,676.00 and interest she received in the amount of $ 5,046.78. However, commencing with the year 1978 and continuing thereafter for each of the years before the Court, petitioner *201 failed to file proper Federal income tax returns. For the taxable year 1981 petitioner did submit a Form 1040A to respondent which set forth petitioner's name and address but provided no other information, designating instead in all appropriate blanks the statement, "Obj. Self Incrimination." This 1981 Form 1040A contained no information by which respondent could determine petitioner's Federal income tax liability. Correlative with her cessation of income reporting, petitioner filed false W-4 forms with her employer on May 1, 1979, claiming 13 exemptions, and on October 1, 1980, claiming 17 exemptions. Consequently, withholding on her wages was reduced to a minimal amount for the year 1979 and years subsequent thereto. In her pleadings, petitioner relates that she has documentary evidence to sustain her contention that she had lesser gross income and greater deductions than determined or allowed by respondent in the notices of deficiency. However, petitioner's pleadings in these cases also expound a plethora of worn-out tax protester cliches and are not worthy of repeating. Further, petitioner filed a standard tax protester motion for a jury trial in this Court, which we summarily *202 denied. Petitioner continued these tax protester ploys in her trial memorandum. Consequently, prior to the trial of this case, the Court, sua sponte, held a pre-trial conference with petitioner and respondent and admonished petitioner to address the issues in the notices of deficiency and to dispense with the assertion of frivolous tax protester arguments. Respondent, in his trial memorandum, notified petioner that he intended to move the Court for an award of damages pursuant to section 6673 in view of petioner's frivolous allegations and assertions. At the calendar call, the Court once again admonished petioner not to persist in her frivolous assertions and arguments. Nevertheless, when the trial commenced, petioner persisted in her frivolous assertions notwithstanding the Court's specific direction that she submit to the Court facts and evidence which were related to and relevant to the notices of deficiency and respondent's answer and amendment to answer. In sum, petioner introduce no evidence of any kind to dispute respondent's determination of the deficiencies or the additions to tax which are at issue in these cases. Instead, she obstinately persisted in presenting *203 only her tax protester arguments. Respondent has informed the Court that there are no criminal charges pending or being considered as to petitioner. Respondent also has informed the Court that petitioner refused to provide respondent with any information as to her income or deductions for the years in issue, in spite of the Court's pre-trial order and its Rules of Practice and Procedure requiring the parties to cooperate informally for discovery and stipulation. See Rules 70(a)(1) and 91(a)(1); Branerton Corp. v. Commissioner,61 T.C. 691 (1974). To reconstruct petitioner's gross income for each of the years before the Court, respondent relied upon records of the Oklahoma City Board of Education for her wages and upon petitioner's 1977 Federal income tax return for a determination of her interest income for each year. Inasmuch as petitioner provided no appropriate information to respondent, respondent acted properly in so determining petitioner's interest income for each such year. Sec. 446(b); Thor Power Tool Co. v. Commissioner,439 U.S. 522 (1979); Holland v. United States,348 U.S. 121 (1954); Throhimovich v. Commissioner,77 T.C. 252 (1981); *204 Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner maintains that Form 1040A for the taxable year 1981 which she submitted to respondent was a valid return. However, it is abundantly clear, as respondent asserts, that a return that merely cites in each inquiring block "Obj. Self Incrimination" is not a valid return. United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 1970); Hebrank v. Commissioner,81 T.C. 640 (1983); Jarvis v. Commissioner,78 T.C. 646, 653 (1982); Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). Further, where such an invalid return is filed and there is no adequate information from which the taxpayer's income may be determined, respondent may reconstruct the taxpayer's income by any reasonable method. Sec. 446(b); Holland v. United States, supra; Trohimovich v. Commissioner, supra; and Cupp v. Commissioner, supra.
As to the deficiencies before the Court, the burden is upon petitioner to disprove the presumptive correctness *205 of respondent's determination. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Here, although petitioner definitely averred that she had documentary evidence to support her contentions as to her income and deductions, petitioner introduced nothing at the trial, refused to deal with the substantive issues of her case, and declined to present any facts to the Court. Petitioner's only endeavor before the Court was a continuous attempt to espouse her stale and frivolous protester rhetoric. Because petitioner has totally failed to carry her burden, respondent's deficiency determinations are sustained. We now turn to a consideration of respondent's determination of fraud. Section 6653(b) provides, in relevant part: FRAUD. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *
The 50 percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and as a reimbursement to the government for the heavy expenses of investigation and the losses resulting from *206 the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. See Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud must never be presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. Spies v. United States,317 U.S. 492 (1943); *207 Rowlee v. Commissioner,80 T.C. 1111 (1983). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). The "willful failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty." Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), revg. in part and affg. in part a Memorandum Opinion of this Court. Willful failure to file returns for an extended period, however, is "persuasive evidence of an intent to defraud the government." Stoltzfus v. United States,398 F.2d at 1005; Marsellus v. Commissioner,544 F.2d 883, 885 (5th Cir. 1977), affg. a Memorandum Opinion of this Court. An intention to evade taxes may be inferred from the circumstances attending a particular failure to file. Cirillo v. Commissioner,314 F.2d at 482. A pattern of nonfiling, when coupled with independent evidence of intent to defraud, warrants imposition of the addition to tax for fraud. Kotmair v. Commissioner,86 T.C. 1253, 1260 (1986); *208 Grosshandler v. Commissioner,75 T.C. 1 (1980). [4] Further, the filing of false withholding certificates claiming an excessive number of exemptions has repeatedly been held by this Court to be evidence of fraud. See Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner,80 T.C. at 1125, 1126; Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). As respondent notes, when petitioner's failure to file proper Federal income tax returns is viewed in light of her filing a proper Federal income tax return for the taxable year 1977, her dereliction weighs heavily against her. Castillo v. Commissioner,84 T.C. 405, 409 (1985). As respondent further notes, and we agree, her filing of a proper return for 1977 established her knowledge of her obligation to file and to report payments received for her services and amounts received in interest. In this respect, we have stated in Castillo v. Commissioner,84 T.C. at 410: *209 Finally, where a taxpayer's failure to file is predicated on frivolous arguments and where respondent has shown substantial amounts of unreported income on which withholding has been reduced or prevented by the submission of false Form W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the addition to tax under section 6653(b). * * * We observed petitioner closely during the course of this proceeding. We perceived her to be a woman of intelligence and education. In other words, we believe that petitioner knew exactly what she was doing but was determined to use any dilatory or obfuscatory tactic to delay or prevent the payment of her tax obligation. We believe the submission of false information to her employer with respect to the withholdinng of Federal income tax on her wages clearly evidences a fraudulent intent by petitioner to evade the payment of her tax by failing to file valid income tax returns. See Gajewski v. Commissioner, supra.Petitioner maintained a pattern of nonfiling despite her knowledge of required reporting procedures, as evidenced by her earlier proper return. Petitioner's *210 obstinate, fraudulent intent appears through her adamant and persistent insistence throughout this proceeding that she is not a person who is required to file income tax returns or to pay income tax, despite the rejection by this and other courts of these incredulous tax theories. We are convinced that petitioner was familiar with the relevant law and was aware of her obligation to file proper returns and to pay taxes, and that she knew that the tactics she employed were an orchestrated program of tax evasion. Petitioner is free to argue her theories to Congress, but she cannot disregard the laws passed by Congress and upheld by the courts. She cannot fail to perform an obligation imposed upon her by those laws, and then expect to avoid the consequences of her avowedly freely-exercised disobedience. On the basis of the record before us, we find that respondent has clearly and convincingly demonstrated fraud for the years in issue before us under section 6653(b).[5] We determine that our conclusion is buttressed by the fact that petitioner failed to maintain and to submit for examination by respondent complete and adequate records of her income-producing activity. Throughout *211 the course of the judicial proceedings in this case, petitioner failed to cooperate and instead engaged in dilatory and obstructive conduct. Grosshandler v. Commissioner, supra.
Respondent determined an addition to tax under section 6654 for underpayment of estimated tax. Once a deficiency has been established, section 6654(a) is mandatory unless petitioner can bring herself within certain exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. at 20-21. Accordingly, the addition to tax under section 6654(a) is sustained. We now consider respondent's motion that we award damages pursuant to section 6673. Petitioner's position, set forth in her petitions, her replies, and all other pleadings filed by her in these cases and continued during the pendency of these cases, relates only to standard tax protester arguments and does not address the issues of the notices of deficiency. Petitioner, of course, has every right to contest respondent's assertion of fraud. But, petitioner's *212 course of conduct persuades us that she did not petition this Court in order to challenge the fraud determination. Her failure to prosecute her cases, coupled with the clearly frivolous arguments she advanced, convinces us that petitioner's primary purpose was not to utilize this Court as a forum to litigate a genuine tax controversy, but to express her dissatisfaction with the Federal income tax system and to delay the payment of her Federal income tax obligations. In instances in which the addition to tax for fraud is determined by respondent, we ordinarily might be reluctant to award damages under section 6673. As noted above, a petitioner may litigate the fraud issue before this Court; and where she does so, respondent has the burden of proving his determination of fraud. It is the proper function, purpose, and process of this Court to adjudicate the fraud issue, and we do so without inhibition or reservation when the parties properly prosecute their case before us. Where, however, as here, petitioner flaunts and ignores the rules and orders of the Court, persists in filing consistently redundant and frivolous documents, and fails to prosecute her case by failing to address *213 the merits of the issues as set forth in the notices of deficiency, petitioner impels our conclusion that her disrespect for the tax system of the United States takes priority over her presentation of the merits of the fraud addition, petitioner chose to continue her inundation of the Court and the record of these cases with her trivial and totally unfounded and aberrant assertions. Other petitioners in this Court with genuine controversies have been delayed while we considered these cases. Petitioner's frivolous contentions are burdensome, both to this Court and to society as a whole. Abrams v. Commissioner,82 T.C. 403 (1984). Considering that we are created by Congress to resolve legitimate disputes between taxpayers and respondent and that Congress has authorized, indeed admonished, us to invoke section 6673 in appropriate circumstances, i.e., delaying or frivolous proceedings, we award damages to the United States in these proceedings in view of petitioner's actions and assertions here extant. Consequently, upon a review of this record, we find that these proceedings were instituted and maintained primarily for delay and that petitioner's positions in these *214 proceedings were frivolous and groundless. We accordingly award total damages to the United States for these consolidated cases in the amount of $ 2,500.00 -- $ 1,500.00 in docket number 3119-85 and $ 1,000.00 in docket number 40344-85. Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent, in his amendment to answer, does not calculate the fraud addition. Pursuant to sec. 6653(b), such addition is 50 percent of the underpayment. Accordingly, we determine the calculated amount of the additions to tax under sec. 6653(b) for the taxable years 1982 and 1983 to be $ 1,872.00 and $ 1,975.00, respectively. ↩
3. The burden of proof is on respondent as to all of the additions to tax raised by him in his answer and amendment to answer. Rule 142(a). ↩
4. See Suttie v. Commissioner,T.C. Memo. 1983-358↩. 5. As a result, we do not reach respondent's alternative position with respect to the additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). ↩