DANIEL M. CASTILLO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16822–82.     Filed March 13, 1985.

Daniel M. Castillo, pro se.
*Mark L. Puryear* and *James E. Polk*, for the respondent.

GOFFE, *Judge*: The Commissioner determined deficiencies in petitioner's Federal income taxes for the taxable years 1973, 1975, 1976, 1977, and 1978 and additions to tax under section 6651(a),[1] 6653(a), 6653(b), 6654, and 6682(a) as follows:

| Year | Deficiency | Sec. 6651(a) | Sec. 6653(a) | Sec. 6653(b) | Sec. 6654 | Sec. 6682(a) |
|------|-----------|-----------|-----------|-----------|-----------|-----------|
| 1973 | $1,749 | $57.79 | $87.45 | 0 | 0 | 0 |
| 1975 | 2,600 | 0 | 0 | $1,300.00 | $64.21 | $50 |
| 1976 | 3,565 | 0 | 0 | 1,782.50 | 82.79 | 50 |
| 1977 | 2,950 | 0 | 0 | 1,475.00 | 104.61 | 50 |
| 1978 | 3,973 | 0 | 0 | 1,986.50 | 95.26 | 50 |

After concessions,[2] the issues for decision are: (1) Whether petitioner failed to report income for each of the taxable years 1975, 1976, 1977, and 1978; (2) whether petitioner is liable for the additions to tax under section 6653(b) for underpayment of tax due to fraud, and under section 6654 for failure to pay estimated taxes; and (3) whether this Court has jurisdiction to decide whether petitioner is liable for the section 6628(a) penalty for filing a false Form W-4 certificate with his employer.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation. of facts and accompanying exhibits are so found and incorporated herein by reference.

Daniel M. Castillo (petitioner) was a resident of Rowlett, Texas, at the time the petition in this case was filed. Petitioner has a high school education and completed 2 years in a trade school for electronics. Petitioner filed Federal income tax returns for the taxable years 1964 through 1972, and for the taxable year 1974. Petitioner has not filed Federal income tax returns for the taxable years 1975, 1976, 1977, and 1978.

Petitioner received taxable income in the amounts of $13,053.66, $15,717.86, $16,677.39, and $17,543.49 for the taxable years 1975, 1976, 1977, and 1978, respectively. Petitioner received W-2 statements from his employer on or about the 31st of January following the close of each taxable year.

---

[1] All section references are to the Internal Revenue Code of 1954 and attendant regulations as amended and in effect for the relevant years, and all Rule references are to this Court's Rules of Practice and Procedure.

[2] Petitioner has conceded the deficiency and additions to tax for the taxable year 1973.

Petitioner attended various tax protester meetings during the taxable years at issue. Suggestions made at these meetings were to resist the imposition of Federal income taxation by claiming large withholding allowances on Form W-4 certificates, or by claiming exemption as a minister. Petitioner filed a Form W-4 certificate, dated January 26, 1975, with his employer claiming 18 withholding allowances. Petitioner was not entitled to more than a maximum of four withholding allowances on that date. In April of 1978 and April of 1979, petitioner filed a Form W-4 certificate with his employer claiming that he was exempt from withholding. As a result of these filings, only the minimum Federal income taxes were withheld by his employer during each of the taxable years 1975, 1976, 1977, and 1978.

In May of 1979, Special Agent Jayne Davis of the Criminal Investigation Division of the Internal Revenue Service contacted petitioner at his place of employment in Garland, Texas. Petitioner refused to talk with either Special Agent Davis or her partner at that time. On May 23, 1979, the Criminal Investigation Division received a letter from petitioner requesting a confirmation of his belief that he was not a person required to file an income tax return because he had no income. In a response to petitioner's letter, the District Director of the Dallas, Texas, Office of the Internal Revenue Service, A.W. McCanless, stated that if petitioner desired an interview in private with the Internal Revenue Service that such an arrangement could be made. The response further requested that petitioner contact Special Agent Davis. Petitioner did not contact Special Agent Davis. Petitioner also did not furnish the Commissioner with any information by which petitioner's correct income tax liabilities for the taxable years 1975, 1976, 1977, and 1978 could be determined.

On October 3, 1980, petitioner pleaded guilty to the offense of willful failure to file an income tax return for the taxable year 1977, a violation of section 7203. Petitioner was placed on probation for a period of 3 years, and ordered to pay a fine of $500.

By an undated letter received by the White House on July 20, 1981, petitioner asked President Ronald Reagan for a Presidential pardon for the Federal income taxes and additions to tax owed by him for the taxable years prior to 1979.

The letter claimed that the "people who sincerely believed that they could correct the inequities of the federal income tax system" on the basis of the 16th Amendment to the Constitution were losing their cases because the courts would not allow them to present all of the pertinent cases. Petitioner claimed this as the justification for his guilty plea. Petitioner then requested a pardon on the basis that he did not have the money to pay the taxes and additions to tax, and on the further basis that a clean slate would remove the complication to his wife's records caused by his actions.

On April 12, 1982, the Commissioner timely issued a statutory notice of deficiency to petitioner for the taxable years 1973, 1975, 1976, 1977, and 1978. The Commissioner determined that petitioner failed to file Federal income tax returns for the taxable years 1973, 1975, 1976, 1977, and 1978, failed to pay estimated tax, and filed Forms W-4 containing false information. The Commissioner, after adjustments for rental losses, capital gains, and various deductions and allowances, determined the deficiencies and additions to tax set forth above.

## OPINION

The Commissioner's determination in his statutory notice of deficiency is presumptively correct, and petitioner has the burden of disproving each individual adjustment. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a). Petitioner's pleadings and statements at trial are, in essence, a plea for a reduction in the deficiencies and additions to tax asserted, on the basis that he was misguided and misled, and on the further basis that he does not have the money with which to pay these amounts. Petitioner has not contested the amounts determined to be his taxable income for the taxable years 1975, 1976, 1977, and 1978. The Commissioner's determination is, therefore, sustained. Rule 142(a).

The next issue for decision is whether petitioner is liable for the additions to tax under section 6653(b) for fraud. The burden of proving fraud is on respondent, and he must do so by clear and convincing evidence. Sec. 7454(a); Rule 142(b); *Stone v. Commissioner*, 56 T.C. 213, 220 (1971). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise

prevent the collection of taxes, and that there is an underpayment of tax. *Stoltzfus v. United States*, 398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); *Rowlee v. Commissioner*, 80 T.C. 1111, 1123 (1983); *Acker v. Commissioner*, 26 T.C. 107, 112 (1956).

When fraud is asserted, as in the instant case, for more than 1 taxable year, respondent must show that some part of an underpayment was due to fraud for each taxable year for the corresponding addition to tax to be upheld. *Professional Services v. Commissioner*, 79 T.C. 888, 930 (1982); *Nicholas v. Commissioner*, 70 T.C. 1057, 1065 (1978); *Otsuki v. Commissioner*, 53 T.C. 96, 105 (1969). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. *Rowlee v. Commissioner, supra* at 1123; *Gajewski v. Commissioner*, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. *Beaver v. Commissioner*, 55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. *Stephenson v. Commissioner*, 79 T.C. 995, 1005–1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); *Gajewski v. Commissioner, supra* at 200. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. *Spies v. United States*, 317 U.S. 492 (1943); *Gajewski v. Commissioner, supra* at 200; *Stone v. Commissioner, supra* at 223–224.

Respondent has affirmatively shown various indicia of fraud. Petitioner did not file Federal income tax returns for the taxable years 1975, 1976, 1977, and 1978. While the failure to file tax returns, even over an extended period of time, does not per se establish fraud (*Grosshandler v. Commissioner*, 75 T.C. 1, 19 (1980)), the failure to file returns is persuasive circumstantial evidence of fraud. *Marsellus v. Commissioner*, 544 F.2d 883, 885 (5th Cir. 1977); *Stoltzfus v. United States, supra* at 1005. Further, when petitioner's failure to file returns for the taxable years 1975, 1976, 1977, and 1978 is viewed in light of his previous filing of Federal income tax returns for the taxable years 1964 through 1972 and 1974, petitioner's inaction weighs heavily against him.

With regard to the taxable year 1977, petitioner is collaterally estopped by his criminal conviction under section 7203 from denying that he willfully failed to file returns for that

year.[3] *Tomlinson v. Lefkowitz,* 334 F.2d 262, 266 (5th Cir. 1964); *Strachan v. Commissioner,* 48 T.C. 335, 339 (1967); *Amos v. Commissioner,* 43 T.C. 50, 56 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

Petitioner also filed false W-4 Forms to reduce or stop the withholding of Federal income taxes from his wages during the taxable years at issue. Such activities are indicative of an attempt to evade the payment of income taxes. *Rowlee v. Commissioner, supra* at 1125; *Habersham-Bey v. Commissioner,* 78 T.C. 304, 313–314 (1982).

Finally, where a taxpayer's failure to file is predicated on frivolous arguments and where respondent has shown substantial amounts of unreported income on which withholding has been reduced or prevented by the submission of false Form W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the addition to tax under section 6653(b). See, e.g., *Rowlee v. Commissioner, supra* at 1123–1126; see also *Hebrank v. Commissioner,* 81 T.C. 640 (1983); *Stephenson v. Commissioner,* 79 T.C. at 1007; *Habersham-Bey v. Commissioner, supra* at 313–314. We reach the same conclusion in this case. Accordingly, the Commissioner's determination that petitioner is liable for the additions to tax under section 6653(b) is sustained.

Respondent also determined additions to tax for the taxable years 1975, 1976, 1977, and 1978 under section 6654, for the underestimation of income tax. Where prepayments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition is automatic, unless petitioner can show that one of the several statutorily provided exceptions applies. Sec. 6654. The burden to show qualification for such exception is on petitioner. *Grosshandler v. Commissioner, supra* at 20–21. Petitioner made no such showing, and respondent's determination is, therefore, sustained.

The third issue is whether this Court has jurisdiction to determine the imposition of penalties under section 6682(a) for the filing of false W-4 Forms. The Court is a court of limited

---

[3]*Pohlman v. Commissioner,* T.C. Memo. 1978–164; *Klee v. Commissioner,* T.C. Memo 1977–149.

jurisdiction. *Estate of Young v. Commissioner*, 81 T.C. 879, 881 (1983); *Medeiros v. Commissioner*, 77 T.C. 1255, 1259 (1981); *Wilt v. Commissioner*, 60 T.C. 977, 978 (1973). Section 6213 confers jurisdiction on this Court to redetermine deficiencies in income, estate, gift, and certain excise taxes. *Estate of DiRezza v. Commissioner*, 78 T.C. 19, 25 (1982). See secs. 6211–6212, 6214–6215. Section 6659(a)[4] sets forth the general rule that the deficiency procedures applicable to income, estate, gift, and certain excise taxes are equally applicable to additions to tax. The imposition of a penalty under section 6682(a) is not, however, a determination based on a deficiency. Section 6682(b) (now sec. 6682(c)) specifically provides that the deficiency procedures shall not apply in respect to the assessment or collection of any penalty imposed by section 6682(a). See sec. 301.6682–1, Proced. & Admin. Regs.; sec. 31.6682–1(b), Employment Tax Regs. Rather, it is an assessable penalty that may be imposed by the Commissioner in addition to any criminal penalty. Accordingly, the deficiency procedures are not applicable, and this Court does not have jurisdiction over the penalty provided in section 6682(a). *Estate of Young v. Commissioner, supra.*

In closing, petitioner's rationale for the nonpayment of Federal income tax for the taxable years at issue is based upon nothing more than the usual, frivolous "protester" arguments. Cases based upon such contentions are burdensome, both to this Court and to society as a whole, as fully discussed in *Abrams v. Commissioner*, 82 T.C. 403 (1984). Should petitioner institute or maintain any future proceedings before this Court in contravention of the provisions of section 6673,[5] we will not

---

[4]Sec. 6659(a) is presently codified as sec. 6662(a).

[5]Sec. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC.

Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

hesitate to award the maximum amount of damages, even upon our own motion.

> *Decision will be entered for the respondent except as to section 6682(a), as to which we have no jurisdiction.*