LAWRENCE ANTHONY WEISENSEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weisensee v. Commissioner
Docket No. 1700-84.
United States Tax Court
T.C. Memo 1987-206; 1987 Tax Ct. Memo LEXIS 202; 53 T.C.M. (CCH) 643; T.C.M. (RIA) 87206; April 22, 1987. *202 Petitioner did not file forms purporting to be Federal income tax returns for the years 1975 through 1977 until October, 1980. He was criminally convicted under section 7203, I.R.C. 1954, for willfully failing to file returns for the years in issue. Petitioner is an attorney with extensive work experience in the area of criminal tax fraud. He made a misleading statement to respondent's agents during the course of their investigation. He also did not cooperate with respondent's agents during their investigation. Held, respondent met his burden of proving fraud by clear and convincing evidence for the years 1975 through 1977. Accordingly, petitioner is liable for the addition to tax under section 6653(b), I.R.C. 1954, for each of the years in issue. Lawrence Anthony Weisensee, pro se. Michael K. Phalin, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Section 6653(b) [1]
Section 6654
1975
$5,453.41
$2,726.71
$211.35
1976
17,079.47
8,539.74
409.06
1977
15,914.12
7,957.06
148.36
*204 After concessions by petitioner, the remaining issue before the Court is whether petitioner is liable for the additions to tax under section 6653(b). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorporated herein by this reference. Petitioner resided in Rancho Mirage, California, at the time the petition in this case was filed. Petitioner received a Bachelor of Laws degree from the University of South Dakota Law School in 1964 and a Master of Laws in Taxation from Emory University in 1974. He was employed as an attorney by the South Dakota Attorney General's office from 1964 to 1966, and he was engaged in private practice in South Dakota from 1966 to 1969. He worked as an attorney in the Office of the Chief Counsel of the Internal Revenue Service (IRS) from August, 1970, to May, 1974. His responsibilities at the IRS included writing criminal reference letters or criminal action memoranda based on his review of the Intelligence Division's recommendations concerning whether or not taxpayers should be prosecuted for violations of the tax laws. He also assisted IRS agents in criminal investigations *205 of taxpayers. During the years in issue, petitioner was engaged in private practice in Atlanta, Georgia. He represented taxpayers accused of criminal tax fraud. Petitioner's Forms 1040 for the years 1975 through 1977 were prepared by a tax consultant in April or May, 1978. The amounts of income listed on the Forms 1040 were taken from Forms W-2 and Forms 1099 provided by petitioner to the tax consultant; the amounts of itemized deductions were taken from schedules prepared by petitioner. The forms prepared by the tax consultant indicated balances due of $3,994 for 1975, $5,300 for 1976 and $998 for 1977. The tax consultant, who did not receive any compensation from petitioner for the preparation of the returns, signed the forms but did not date his signature. On October 30, 1980, respondent's agents met with petitioner concerning his failure to file returns for the years 1976 through 1979. Petitioner told respondent's agents that he had mailed the returns for the years 1975 through 1979 on October 27, 1980. Petitioner also told the agents that he would cooperate by providing copies of his returns, records and additional testimony. However, he did not do so. Petitioner *206 did not respond to respondent's agent's November, 1980, letter requesting him to provide certain information. Respondent's agent visited petitioner's office without an appointment in December, 1980; petitioner was present, but he refused to talk with the agent. Petitioner did not sign or date the Forms 1040 that he filed for the years in issue. The forms have IRS notations that the envelope in which the forms had been mailed and received had been postmarked on October 29, 1980. In April, 1982, petitioner was indicted under section 7203 for willfully failing to file his returns for the years 1975 through 1977. He entered a guilty plea. He was sentenced to three years of imprisonment, of which two years were suspended, and five years of probation. OPINION Section 6653(b) provides for an addition to tax equal to 50 percent of the underpayment where some part of an underpayment is due to fraud. Akland v. Commissioner,767 F.2d 618, 621 (9th Cir. 1985), affg. T.C. Memo. 1983-249. The addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the *207 heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent has the burden of proving by clear and convincing evidence that some part of an underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Castillo v. Commissioner,84 T.C. 405, 409 (1985). The existence of fraud is a question of fact to be determined upon consideration of the entire record. Kotmair v. Commissioner,86 T.C. 1253, 1259 (1986). Fraud is never presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may be inferred from circumstantial evidence. Spies v. United States,317 U.S. 492, 499 (1943). The taxpayer's entire course of conduct may establish the necessary fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); *208 Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Upon consideration of the entire record, we conclude that respondent has proven fraud by clear and convincing evidence for the years 1975 through 1977. Petitioner did not file forms purporting to be Federal income tax returns for the years in issue until October 29, 1980. [2] Failure to file returns, without more, is not sufficient to prove fraud. Stoltzfus v. United States,supra at 1005; Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), affg. in part and revg. in part T.C. Memo. 1961-192. Failure to file, however, may be considered in connection with other facts in determining whether an underpayment of tax is due to fraud. Beaver v. Commissioner,supra, at 93. *209 Respondent has affirmatively shown various indicia of fraudulent intent in this case. First, petitioner was aware of his responsibility to timely file returns and pay the taxes due. Petitioner is an attorney with an advanced law degree in taxation. Petitioner also has extensive experience handling cases involving criminal tax fraud, both as an IRS attorney and a private practitioner. See Grosshandler v. Commissioner,75 T.C. 1, 19 (1980); Acker v. Commissioner,26 T.C. 107, 112 (1956). See also Gorman v. Commissioner,T.C. Memo. 1972-215; King v. Commissioner,T.C. Memo. 1971-317. Nevertheless, petitioner failed to timely file tax returns for five consecutive years. See Gorman v. Commissioner,supra.
Second, petitioner made a misleading statement to respondent's agents during the course of their criminal investigation. During the initial meeting with respondent's agents on October 30, 1980, petitioner stated that he had mailed the returns for the years 1975 through 1979 on October 27, 1980, which was one day before the agents arranged the initial meeting. Petitioner presented no evidence *210 in support of his self-serving testimony that he had placed the completed returns in the office mail on October 27, and thus he considered the returns mailed on that date. However, respondent established that the returns were postmarked on October 29, which is after respondent's agents had contacted petitioner. Therefore, petitioner misrepresented the date on which he submitted returns for the years in issue. A misrepresentation to respondent's agents is an indicia of fraudulent intent. Grosshandler v. Commissioner,supra at 20; Beaver v. Commissioner,supra at 93. Third, petitioner did not cooperate with respondent's agents during their investigation. He failed to provide copies of the delinquent returns or produce records. He did not respond to the letter from respondent's agent requesting information, and he refused to meet with respondent's agent who visited petitioner's office. Such behavior is an indication of fraud. Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958); Rowlee v. Commissioner,80 T.C. 1111, 1125 (1983); Grosshandler v. Commissioner,supra at 20; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), *211 affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Petitioner's reasons for not timely filing his returns are that he did not have the money to pay the taxes due and that he was overworked. Petitioner's explanations are not persuasive. He presented no evidence in support of his contention that he was financially unable to timely pay the taxes due for the years in issue. Petitioner also did not establish that his work schedule was so demanding that he could not handle his own tax obligations. See Finnorn v. Commissioner,T.C. Memo. 1960-14. We have outlined the foregoing indicia of fraud for completeness. In any event, petitioner was convicted under section 7203 for willfully failing to file returns for the years 1975 through 1977, and the conviction collaterally estops him from denying that he willfully failed to file returns for the years in issue. Castillo v. Commissioner,supra at 409-410. Accordingly, we hold that respondent has met his burden of proving fraud by clear and convincing evidence for each of the years in issue. Respondent's determination that petitioner is liable for the addition to tax under *212 section 6653(b) for each of the years in issue is sustained. [3]
Petitioner alleges that the IRS has discriminated against him because he successfully defended numerous taxpayers against the IRS. Petitioner presented no evidence in support of his allegation, and in light of the strong indicia of fraud in this case, his discrimination argument is frivolous. As a final matter, we note that we have jurisdiction to determine the correctness of the additions to tax for fraud under section 6653(b) even if the amounts of petitioner's deficiencies for the years in issue are not in dispute. Estate of DiRezza v. Commissioner,78 T.C. 19 (1982). See Terrell v. Commissioner,T.C. Memo. 1986-507. Decision will be entered for the respondent.
Footnotes
1. Except as otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that none of the Forms 1040 for the years in issue constitute a valid return. The forms were not signed by petitioner and thus were not verified as required under section 6065 of the Code and section 1.6065-1(a), Income Tax Regs. The forms were signed by the tax consultant who prepared them. However, his verification is not required under section 1.6065-1(b), Income Tax Regs.↩, because the tax consultant received no compensation from petitioner for preparation of the forms.
3. Our holding with respect to fraud under section 6653(b) eliminates the need to address respondent's alternative additions to tax under sections 6653(a) and 6651(a)(1)↩ for each of the years in issue.