RALPH W. RANDLE AND ROWENA C. RANDLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Randle v. Commissioner
Docket No. 10817-86.
United States Tax Court
T.C. Memo 1988-583; 1988 Tax Ct. Memo LEXIS 612; 56 T.C.M. (CCH) 933; T.C.M. (RIA) 88583; December 27, 1988
James C. Fee, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Prosecution and on respondent's Motion for Summary Judgment. Respondent determined the following deficiencies in, and additions to, petitioners' Federal income tax: Additions to Tax I.R.C. Sections [1]
Year
Deficiency
6651(a)(1)
6653(a)
6653(b)*
1964
$ 183 $ - 0 -
$ 137 $  - 0 -
1965
- 0 -
- 0 -
83 - 0 -
1966
- 0 -
- 0 -
105 - 0 -
1967
- 0 -
- 0 -
103 - 0 -
1968
- 0 -
- 0 -
133 - 0 -
1969
- 0 -
- 0 -
123 - 0 -
1970
145 - 0 -
175 - 0 -
1971
1,576 229  296 - 0 -
1972
266 - 0 -
187 - 0 -
1973
1,418 76  326 - 0 -
1974
3,947 - 0 -
- 0 -
5,649
1975
1,023 - 0 -
- 0 -
8,623
1976
6,208 - 0 -
- 0 -
15,594
1977
- 0 -
- 0 - - 0 -
21,679
1978
1,514 - 0 -
- 0 -
12,899
1979
- 0 -
- 0 -
- 0 -
20,301
*613 Petitioners resided in Easton, Pennsylvania, at the time they filed the petition in this case. In his Answer, respondent denied all substantive allegations of fact and error and affirmatively alleged: 6. FURTHERING ANSWERING the amended petition and in support of the determination that a part of the underpayment of tax required to be shown on petitioners' income tax returns for each of taxable years 1974 through 1979 is due to fraud on the part of Ralph W. Randle only, the respondent alleges: a. Petitioner Ralph W. Randle did not file an income tax return for the taxable year 1963. b. Petitioner Ralph W. Randle received wage income of $ 10,085.00 from Gould Pumps Incorporated during the year 1963. c. Petitioner Ralph W. Randle was advised in September 1980 by the Criminal Investigation *614 Division that he was under criminal investigation. d. On May 26, 1981 petitioners filed joint income tax returns for each of the years 1976 through 1979. e. On November 25, 1981 petitioners filed joint income tax returns for each of the years 1964 through 1975. f. During the taxable years 1964 through 1970 petitioner Ralph W. Randle received wage income from Gould Pumps, Incorporated in the following amounts: 1964
$ 17,749.00
1965
15,549.00
1966
17,470.00
1967
17,413.00
1968
20,040.00
1969
19,413.00
1970
23,986.00
g. Petitioner Ralph W. Randle received dividend income of $ 600.00 in 1970 which he failed to include on the joint income tax return filed by petitioners for this year on November 25, 1981. h. During the taxable years 1971 through 1979 petitioner Ralph W. Randle received wage income from Ingersoll-Rand Company in the following amounts: 1971
$  26,426.00
1972
26,573.00
1973
33,644.00
1974
41,946.00
1975
64,210.00
1976
80,121.00
1977
116,450.00
1978
80,728.00
1979
117,552.00
i. During the taxable year 1971 petitioner Ralph W. Randle received other compensation from the Ingersoll-Rand Company in *615 the amount of $ 2,631.00 which amount he failed to include on the joint income tax return filed by petitioners for this year on November 25, 1981. j. Petitioner Ralph W. Randle received dividend income in 1972, 1973, 1974, and 1976, 1977, 1978, and 1979 in the amounts of $ 1,050.00, $ 1,118.00, $ 953.00, $ 737.00, $ 381.00, $ 429.00 and $ 316.00, respectively, which amounts he failed to include on the joint income tax returns filed by petitioners in 1981 for each of these years. k. Petitioner Ralph W. Randle realized capital gains on the sale of Gould Pumps, Inc. common stock in 1971, 1973, 1974, 1976 and 1978 in the amounts of $ 6,234.00, $ 6,179.00, $ 14,066.00, $ 26,070.00 and $ 46,732.00, respectively, which amounts he failed to include on the joint income tax returns filed by petitioners in 1981 for each of these years. l. Petitioner Ralph W. Randle received interest income in 1975, 1976, 1977, 1978 and 1979 in the amounts of $ 3.00, $ 2.00, $ 195.00, $ 62.00 and $ 228.00, which amounts he failed to include on the joint income tax returns filed by petitioners in 1981 for each of these years. m. On April 7, 1982 an Information was filed in the United States District *616 Court for the Eastern District of Pennsylvania charging petitioner Ralph W. Randle, inter alia, with willfully failing to file income tax returns for 1976, 1977 and 1979 (counts 2, 3, & 5) in violation of 26 U.S.C. section 7203. n. On June 3, 1982, petitioner Ralph W. Randle entered a plea of guilty to the aforesaid charges. o. Petitioner Ralph W. Randle fraudulently and with intent to evade tax failed to timely file income tax returns for each of the taxable years 1974 through 1979. p. A part of the underpayment of tax required to be shown on petitioners' income tax returns for each of the taxable years 1974 through 1979 is due to fraud. Petitioner failed to reply to respondent's Answer within the time permitted by Rule 37(a). Respondent then filed a motion for the entry of an order that the undenied allegations in the Answer be deemed admitted, pursuant to Rule 37(c). The Court gave petitioner notice of respondent's motion and instructed petitioner that "if petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before October 30, 1986, respondent's motion will be denied." The Court's notice also advised petitioner *617 that "if petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer." Petitioner did not respond to respondent's motion. On November 12, 1986, the Court granted respondent's motion and deemed admitted the undenied affirmative allegations of fact set forth in respondent's Answer. Pursuant to notice to the parties, the instant case was set for trial during the Court's April 20, 1987 trial session in Philadelphia, Pennsylvania. On April 15, 1987, the Court ordered that the instant case be stricken from that trial session and set the case for trial at the Court's November 2, 1987 trial session in Philadelphia, Pennsylvania. When the instant case was called for trial on November 2, 1987, respondent filed the motions at issue, both of which were taken under advisement. We must decide, based on the record in this case, including the facts deemed admitted, whether petitioner is liable for the deficiencies and additions to tax determined by respondent. This Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, *618 and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). See Naftel v. Commissioner,85 T.C. 527, 529 (1985); Jacklin v. Commissioner,79 T.C. 340, 341 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The moving party, respondent in this case, bears the burden of proving that there is no genuine issue of material fact. Naftel v. Commissioner, supra at 529; Espinoza v. Commissioner, supra at 416. The moving party also bears the burden of proving that he should prevail on the substantive questions at issue as a matter of law. Rule 121(b). The Court will view factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion for summary judgment. Naftel v. Commissioner, supra at 529; Jacklin v. Commissioner, supra at 344. Respondent contends that, in light of the facts deemed admitted pursuant to Rule 37(c), there is no genuine issue of material fact and he is entitled *619 to judgment as a matter of law. We agree. Petitioners have had the opportunity to respond to the affirmative allegations contained in respondent's Answer and have failed to do so. Petitioners were also specifically warned that the Court would deem such allegations admitted in the event petitioners failed to reply to respondent's motion for the entry of an order that the undenied allegations in the Answer be deemed admitted. Furthermore, petitioners have not asked the Court to vacate its order deeming such allegations admitted. With regard to the deficiencies determined by respondent, the additions to tax under section 6651(a)(1), and the additions to tax under section 6653(a), respondent's determinations are presumptively correct and petitioners bear the burden of proving otherwise. Rule 142(a). Based on the facts which petitioners have been deemed to have admitted, petitioners have not met their burden of proof. See Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 334 (1981). Accordingly, we grant summary judgment for respondent with respect to such deficiencies and additions. With regard to the additions *620 to tax for fraud under section 6653(b), respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). Respondent must show that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes, that there is an underpayment of tax, and that some portion of the underpayment for each taxable year was due to petitioner's fraudulent intent. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon review of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). While fraud will never be presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), it may be proved by circumstantial evidence. Spies v. United States,317 U.S. 492 (1943). With regard to taxable years *621 1976, 1977 and 1979, petitioner pled guilty to charges of willful failure to file income tax returns under section 7203 and thus is estopped collaterally from denying that he willfully failed to file returns for those taxable years. Castillo v. Commissioner,84 T.C. 405, 409-410 (1985). To satisfy his burden of proving fraud as to taxable years 1974, 1975 and 1978, respondent relies on the deemed admissions. Gilday v. Commissioner,62 T.C. 260, 262 (1974). We may grant respondent summary judgment if the facts deemed admitted under Rule 37(c) clearly and convincingly establish that any part of the deficiency in each of the taxable years at issue is due to fraud. Marshall v. Commissioner, supra at 272-273; Doncaster v. Commissioner, supra at 336-338; Gilday v. Commissioner, supra at 262-263. With regard to taxable years 1974, 1975 and 1978, we find that the facts alleged in respondent's Answer and deemed admitted by petitioners are sufficient to establish fraud. Petitioner admitted that he failed to timely file tax returns for 1963 through 1979 and failed to report the income received by him in *622 each of those years. A pattern of failing to file income tax returns is circumstantial evidence of fraud. E.g., Castillo v. Commissioner, supra at 409. While such evidence, standing alone, does not establish fraud, such factors may be considered in conjunction with other facts in order to prove fraudulent intent. Petitioner has also admitted that he failed to timely file his income tax returns for 1974 through 1979 "fraudulently and with the intent to evade tax" and that "part of the underpayment of tax required to be shown on petitioners' income tax returns for each of the taxable years 1974 through 1979 is due to fraud." These undenied conclusory allegations are sufficiently consistent with, and supported by, the undenied specific allegations of fact to establish fraud. Compare Doncaster v. Commissioner, supra at 337, with Dahlstrom v. Commissioner,85 T.C. 812, 820-822 (1985). Furthermore, petitioner's failure to appear at trial is evidence of his effort to conceal the facts concerning his tax liability. Smith v. Commissioner, 91 T.C.     (filed December 12, 1988) (Court reviewed), slip op. p. 17. Based upon the record *623 as a whole, we believe that there is clear and convincing evidence that an underpayment exists for each of taxable years 1974, 1975 and 1978 and that each such underpayment is, at least in part, due to fraud. Based upon the foregoing, we sustain respondent's determination that petitioner is liable for the additions to tax for fraud for taxable years 1974 through 1979 and grant respondent summary judgment with respect thereto. [2]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect in the year or years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. The additions to tax under 6653(b) were determined only with respect to petitioner Ralph W. Randle, who shall hereafter be referred to as "petitioner." ↩
2. Because we grant respondent's Motion for Summary Judgment respondent's Motion to Dismiss for Lack of Prosecution is rendered moot. We note, however, that respondent might have been entitled to an entry of default against petitioners, including the additions to tax for fraud pursuant to Smith v. Commissioner,↩ 91 T.C.     (filed December 12, 1988), because petitioners failed to appear at the call of the instant case for trial. We found it unnecessary to do so, however, because the plea of guilty to charges of willful failure to file income tax returns and the deemed admissions supplied sufficient bases to grant respondent's Motion for Summary Judgment.