JOSEPH W. BAUDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bauder v. Commissioner
Docket No. 9934-89
United States Tax Court
T.C. Memo 1991-365; 1991 Tax Ct. Memo LEXIS 414; 62 T.C.M. (CCH) 345; T.C.M. (RIA) 91365; August 6, 1991, Filed *414 Decision will be entered for the respondent. Joseph W. Bauder, pro se. Doreen M. Susi, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined additions to petitioner's Federal income taxes as follows: Additions to tax
Year
Sec. 6653(b)
1978
$  3,840
1979
11,485
1980
16,950
The issue is whether petitioner is liable for additions to taxes for fraud under section 6653(b). All section references are to the Internal Revenue Code as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioner resided in Scottsdale, Arizona, at the time he filed his petition. Petitioner was a gold salesman at North American Coin and Currency, Ltd. Petitioner's income during the years at issue included commissions from gold sales, gains on sales of stocks and realty, interest, and dividends. Petitioner's income was in the following amounts: Year
Adjusted
Taxable
Tax
Gross Income
Income
Liability
1978
$ 38,637.71
$ 34,911.46
$ 7,679.82
1979
90,516.10
84,588.80
24,610.90
1980
94,057.36
87,903.64
33,900.90
*415 Petitioner filed valid Federal income tax returns for years prior to 1978. For 1978, 1979, and 1980, petitioner filed Forms 1040 on which he wrote either "none" or "object" on each line of the forms. Petitioner also wrote on the forms that "object" meant that he asserted a Fifth Amendment privilege against self-incrimination. Petitioner did not list any income or deduction information on any of these invalid returns. Petitioner did not pay any taxes when he filed these forms. He knew that he owed taxes for each of these years. In response to petitioner's filing each of the Forms 1040 for the years at issue, respondent sent a letter to petitioner notifying him that the form filed was not a valid return. For 1981, petitioner filed a Form 1040 similar to those described above. He did not pay any tax with this form. For 1982 and 1983, petitioner failed to file timely Federal income tax returns. On August 28, 1985, petitioner was indicted on 3 counts of willful failure to file Federal income tax returns under section 7203. On December 5, 1985, petitioner pled guilty to 1 count of willful failure to file for 1978. Petitioner received a suspended sentence and was placed on probation, *416 a condition of which was that petitioner file all delinquent Federal income tax returns. Petitioner was not required by the court order to file State of Arizona income tax returns. Petitioner, on February 24, 1986, filed valid, untimely Federal individual income tax returns and paid the taxes due for 1978 through 1984. The National Commodities Exchange Association (NCEA) is a warehouse banking operation that provides investment and bill paying services without documentation, thereby inhibiting the Internal Revenue Service (IRS) in any investigation of the income of NCEA members. Petitioner was a NCEA member. Petitioner and his spouse executed an agreement in May 1983 with Larry Martin (Martin) to transact business through NCEA. Petitioner deposited $ 117,500 with NCEA, pursuant to the agreement executed with Martin. After Martin's death, petitioner filed a claim against Martin's estate in April 1984 to recover the approximately $ 117,500 which had been deposited. Petitioner instructed his banks not to comply with IRS summonses requesting information regarding petitioner's banking activities for 1978 through 1980. Petitioner failed to cooperate with respondent's agents in *417 their investigation of petitioner's tax liabilities for the years 1978 through 1980. Petitioner failed to provide IRS agents with information regarding his income and business expenses for the years at issue. Petitioner refused to provide IRS agents with his social security number. Petitioner refused to identify checks on a check spread analysis authored by IRS agents to compute petitioner's tax liability. Petitioner refused to respond to IRS agent's inquiries regarding whether petitioner entered into any agreements with Martin of NCEA. OPINION Respondent has the burden of proving fraud by clear and convincing evidence. Rule 142(b); sec. 7454(a). The elements of fraud under section 6653(b) are first, that an underpayment exists and second, that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Badges of fraud include (1) failure to file returns; (2) concealing assets; (3) failure to cooperate with tax authorities; and (4) lack of credibility *418 of the taxpayer's testimony. Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir. 1989), affg. a Memorandum Opinion of this Court; Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir. 1987), affg. a Memorandum Opinion of this Court. The parties have stipulated to the untimely Federal income tax returns that petitioner filed for the years at issue. As these returns were untimely and payment of the taxes owing was made with the returns, petitioner underpaid his taxes for the years at issue. Sec. 6653(c). Failure to file returns
Petitioner failed to file timely returns for the years at issue. Petitioner is collaterally estopped by his criminal conviction under section 7203 from denying that he willfully failed to file a return for 1978. Castillo v. Commissioner, 84 T.C. 405, 409-410 (1985). Petitioner engaged in a 5-year pattern of failing to file timely Federal income tax returns from 1978 to 1982. Petitioner filed untimely Federal income tax returns for the years at issue and other years only because he was required to do so as a condition of probation. Petitioner failed to file timely Federal income tax returns *419 because he intended to evade taxes he knew to be owing. Concealing assets
Petitioner concealed his assets by becoming a member of and depositing funds with NCEA. Many tax protestors have used the services of NCEA. See Heinold Hog Market, Inc. v. McCoy, 700 F.2d 611 (10th Cir. 1983). Petitioner attempted to conduct his financial transactions through NCEA because he wished to prevent respondent from ascertaining his income. He directed his banks not to comply with IRS summonses because he wished to conceal his assets and evade taxes he knew to be owing. Failure to cooperate
Petitioner failed to cooperate with tax authorities. Petitioner refused to supply income and deduction information to respondent's agents, to disclose his social security number, to identify checks he had written, and to answer questions regarding his dealings with Martin of NCEA. This noncooperation illustrates petitioner's intent to evade taxes known to be owing by conduct intended to conceal. Lack of credibility of testimony
As evidenced by the returns petitioner filed, he engaged in complex stock and realty sales and listed his occupation as "investor." We find that *420 he is an intelligent businessman and is sophisticated in financial matters. Further, in his brief, petitioner indicated that he attended a tax seminar, read court decisions, and spent "hundreds of hours studying the Internal Revenue Code." Petitioner's statement that he truly believes that Federal income taxes are unconstitutional is incredible. Furthermore, we find that petitioner did not have a good-faith belief that the income tax laws do not apply to him. Petitioner's arguments
Petitioner argues on brief that he never admitted that he was required by law to pay Federal income taxes or that he underpaid his taxes for the years at issue. He states that this argument is not inconsistent with his filing and stipulation of Federal income tax returns for the years at issue and payment of the taxes due because, as he states in his brief, "by filing those returns, I was merely playing it safe to keep out of jail * * *." We find this argument unpersuasive. Petitioner knew that he was liable for Federal income taxes and that he had an obligation to file returns. His statement is a ruse designed to evade taxes and avoid the additions to tax for fraud. Respondent has proved by *421 clear and convincing evidence that petitioner underpaid his taxes for each of the years at issue and that part of the underpayment for each year is due to fraud. Decision will be entered for the respondent.