T.C. Memo. 2001-232


UNITED STATES TAX COURT


RICHARD P. CONSOLE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14972-97.                    Filed September 5, 2001.


Richard P. Console, pro se.

Steven W. Ianacone, for respondent.


MEMORANDUM OPINION


LARO, Judge:  Respondent determined the following
deficiencies, additions to tax, and accuracy-related penalty with
respect to petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax Sec. 6653(b)(1)(A) | Sec. 6661(a) | Sec. 6653(b) | Accuracy-Related Penalty Sec. 6663 |
|------|-----------|------------|------------|------------|------------|
| 1986 | $104,596 | [1]$78,447 | $26,149 | --- | --- |
| 1987 | 56,197 | [1] 42,148 | 14,049 | --- | --- |
| 1988 | 50,951 | --- | 12,737 | $38,213 | --- |
| 1989 | 64,805 | --- | --- | --- | $48,604 |
| 1992 | 8,130 | --- | --- | --- | --- |

[1]Additionally, sec. 6653(b)(1)(B) imposes an addition of 50 percent of the interest due on the deficiency.

Following a trial at which neither party presented any substantive evidence relating to respondent's determinations, we must decide whether petitioner is liable for those amounts.  We hold he is.  Section references are to the Internal Revenue Code in effect for the subject years, and Rule references are to the Tax Court Rules of Practice and Procedure.  Petitioner resided in New Jersey when his petition was filed.

## Background

On November 21, 2000, respondent moved the Court under Rule 91(f) to issue an order directing petitioner to show cause why proposed facts in evidence should not be accepted as established. Three days later, the Court granted respondent's motion and ordered petitioner to file with the Court by December 8, 2000, a response under Rule 91(f)(2) showing why the matters set forth in respondent's motion papers should not be deemed admitted for purposes of this case.  After petitioner failed to respond to the substance of our order, we ordered that the facts and evidence set forth in respondent's motion papers be deemed established for purposes of this case.

Petitioner is considered under Rule 91(f) to have stipulated the following relevant facts:

9. During each of the taxable years 1986, 1987, 1988 and 1989, the petitioner was a shareholder and officer of Console, Wood and Curico, P.C. a law firm incorporated under the laws of the state of New Jersey.

10. During the [sic] each of the taxable years 1986, 1987, 1988 and 1989, the petitioner followed a practice of bringing bills for his personal expenses to the law office for payment with checks drawn on the bank accounts of the law firm.

11. All checks in payment of these personal bills were coded by being marked with the letter "A".

12. Checks so coded were entered in the cash disbursement journal of the law firm and charged to an account labeled "RPC".

13. The above practice was elicited from the petitioner during his testimony at a court appearance where he was on trial for insurance fraud.

14. Petitioner would meet with his accountant and petitioner would decide the nature of the item, business or personal, and would direct the accountant where to deduct the items determined to [be] business.

15. All items determined to be personal by the petitioner were charged to petitioner as additional income and reported on his personal return.

16. Based on a review of the accountant's work papers, the law firm's cash disbursement journal, the cancelled checks coded with an "A", discussions with the accountant and the court testimony of petitioner, there was an excess of personal expenses of petitioner paid by the law firm over the amounts reported as income by petitioner for the taxable years 1986, 1987, 1988 and 1989.

17. Petitioner's fraudulent omission of specific items of income on his income tax returns filed for the taxable years 1986, 1987, 1988 and 1989 is a part of a four year pattern of intent to evade taxes.

18. The petitioner understated his taxable income on his income tax returns for the taxable years 1986, 1987, 1988 and 1989, in the amounts of $209,192.00, $145,966.00, $181,965.00 and $231,448.00, respectively.

20. The petitioner understated his income tax liabilities on his income tax returns for the taxable years 1986, 1987, 1988 and 1989, in the amounts of $104,596.00, $56,197.00, $50,951.00 and $64,805.00, respectively.

21. A part of each deficiency in income tax for taxable years 1986, 1987, 1988 and 1989, is due to fraud with intent to evade taxes.

22. Richard P. Console, the petitioner herein, is the same person who was the defendant in the criminal case of United States of America v. Richard P. Console (District of New Jersey), Case Number 91-42(nhp).

23. The respondent herein is a party in privity with the United States of America, the prosecuting party in the aforesaid criminal case in which the petitioner herein was the defendant.

24. The indictment filed on January 10, 1991, in said criminal case sets forth the following charge against the defendant, the petitioner herein:

THE GRAND JURY CHARGES:

COUNT ONE

On or about September 8, 1987, in the District of New Jersey and elsewhere.

RICHARD P. CONSOLE, Esq.,

the defendant, unlawfully, wilfully and knowingly did attempt to evade and defeat a large part of the income tax due and owing by himself to the United States of America for the calendar year 1986, by preparing and causing to be prepared, signing and causing to be signed and filing and causing to be filed with the Internal Revenue Service, a false and fraudulent 1986 United States Individual Income Tax Return on behalf of himself, wherein it was stated that his taxable income for the said calendar year was $145,565.00 and that the

income tax due and owing to the United States of America $57,018.00, whereas the defendant then and there well knew that his taxable income for the said calendar year was approximately $354,756.78 upon which taxable income there was then due and owing to the United States of America an income tax of approximately $161,613.89.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2. * * *

25. The petitioner on August 22, 1995, entered a plea of guilty to the charge set forth against him in said indictment. * * *

26. On September 6, 1995, the United States District Court entered its judgment pursuant to said plea. * * *

27. Among the issues of fact determined in the aforesaid criminal case was whether Richard P. Console, the defendant therein, and the petitioner herein, did in fact willfully file a false and fraudulent income tax return for the taxable year with intent to evade and defeat income tax, and whether he did in fact by such means understate a part of the income tax due and owing by him to United States of America for said year.

28. During the 1992 tax year, petitioner received $0.00 income on his purported Schedule C business and listed expenses of $563,871.00 including $554,861.00 in attorneys's fees.

29. The $554,861.00 in attorney's fees was paid for his criminal defense in the action described in paragraphs 22 through 26 above and in a prior criminal matter described in paragraph 13 above.

<u>Discussion</u>

We address first whether petitioner is liable for the deficiencies and additions to tax under section 6661(a) for substantial understatement. Respondent's determination is presumed correct, and petitioner bears the burden of proving it

wrong. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioner is deemed to have stipulated that he understated his income tax liabilities for 1986, 1987, 1988, and 1989 in the amounts shown as deficiencies, and the record contains no evidence that would support a contrary finding. Nor does the record contain any evidence to prove wrong the deficiency for 1992 or the additions to tax under section 6661(a). For returns due before January 1, 1990, a taxpayer whose return contains a substantial understatement of income tax is liable for an addition to tax under section 6661 equal to 25 percent of the underpayment attributable to the understatement. <u>Pallottini v. Commissioner</u>, 90 T.C. 498, 500-503 (1988).[1]

As to respondent's determination of these deficiencies and additions thereto, petitioner relies solely on his argument that the notice of deficiency is invalid because, he alleges, respondent impermissibly used grand jury material during the audit underlying the notice of deficiency. At trial, petitioner called two witnesses to attempt to prove this allegation. The first witness was a special agent in respondent's Criminal

---

[1] An understatement is substantial if it exceeds the greater of: (a) 10 percent of the tax required to be reported on the return or (b) $5,000. Sec. 6661(b)(1)(A)(i) and (ii). An understatement is reduced to the extent: (1) The position taken resulting in the understatement was supported by substantial authority, or (2) the taxpayer adequately disclosed in the return, or in an attachment, relevant facts relating to his or her position. Sec. 6661(b)(2)(B)(i) and (ii).

Investigation Division.  He was involved with petitioner's grand jury investigation and testified that he had prepared reports and computations of petitioner's tax liabilities exclusively for use in the grand jury proceedings.  He also testified that he was unaware that any of those reports or computations were used by respondent in the course of the audit underlying the notice of deficiency.  The second witness, one of respondent's revenue agents, provided no testimony that would support petitioner's allegation.

On the record before us, we are unpersuaded that respondent relied on any grand jury material in the formulation of the notice of deficiency.  We hold that the notice of deficiency is valid.  Accordingly, we sustain respondent's determination as to the deficiencies and the additions to tax under section 6661(a).

We turn next to respondent's determination that petitioner is liable for the additions to tax for fraud under section 6653(b) and an accuracy-related penalty for fraud under section 6663.  Respondent must prove this determination by clear and convincing evidence.  Sec. 7454(a); Rule 142(b); Castillo v. Commissioner, 84 T.C. 405, 408 (1985); Rowlee v. Commissioner, 80 T.C. 1111, 1113 (1983).  An addition to tax (or accuracy-related penalty) for fraud is a civil sanction "provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss

resulting from the taxpayer's fraud." <u>Helvering v. Mitchell</u>, 303 U.S. 391, 401 (1938).

Fraud denotes intentional wrongdoing on the part of the taxpayer with the specific purpose of evading a tax known or believed to be owing. <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 698 (1989). Fraud is shown by proof that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of his or her taxes and that there is an underpayment of tax. <u>Spies v. United States</u>, 317 U.S. 492, 499 (1943); <u>Stoltzfus v. United States</u>, 398 F.2d 1002, 1005 (3d Cir. 1968); <u>Webb v. Commissioner</u>, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; <u>Rowlee v. Commissioner</u>, <u>supra</u> at 1123. Thus, in order to sustain his burden as to fraud, respondent must prove that: (1) Petitioner underpaid his taxes for the relevant years, and (2) some part of each underpayment was due to fraud.[2]

It is well settled in this Court that the Commissioner may establish fraud by relying upon matters deemed admitted under Rule 90. <u>Marshall v. Commissioner</u>, 85 T.C. 267 (1985); <u>Morrison v. Commissioner</u>, 81 T.C. 644, 651 (1983); <u>Doncaster v. Commissioner</u>, 77 T.C. 334, 336 (1981). The Commissioner may also establish fraud by relying on facts deemed to be stipulated under

---

[2]If respondent establishes that some part of the underpayment for a year is due to fraud, all of the underpayment is deemed attributable to fraud unless petitioner proves otherwise. See sec. 6653(b)(2), as in effect for 1986 through 1988; sec. 6663(b), as in effect for 1989.

Rule 91(f). <u>Ambroselli v. Commissioner</u>, T.C. Memo. 1999-158. On the basis of our review of the record, we conclude that respondent has clearly and convincingly proven both prongs of the two-part test for fraud. Petitioner is deemed under Rule 91(f) to have stipulated that "a part of each deficiency for 1986, 1987, 1988, and 1989, was due to fraud with the intent to evade taxes". As to 1986, petitioner is also deemed to have stipulated that he pled guilty to a violation of section 7201. Petitioner's conviction of criminal tax evasion for 1986 under section 7201 collaterally estops him from denying that his underpayment of income tax for 1986 was due to fraud for purposes of section 6653(b). See, e.g., <u>Johnson v. Sawyer</u>, 47 F.3d 716, 722 (5th Cir. 1995); <u>Gray v. Commissioner</u>, 708 F.2d 243 (6th Cir. 1983), affg. T.C. Memo. 1981-1; <u>Castillo v. Commissioner</u>, <u>supra</u> at 409-410; <u>Brooks v. Commissioner</u>, 82 T.C. 413, 431 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); <u>Amos v. Commissioner</u>, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). We sustain respondent's determinations of the additions to tax and the accuracy-related penalty for fraud.

<u>Decision will be entered</u>

<u>for respondent</u>.