T.C. Memo. 2002-116

UNITED STATES TAX COURT

BRAD L. BARNHILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6994-01L.                    Filed May 13, 2002.

Brad L. Barnhill, pro se.

<u>Edward J. Laubach, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Petitioner appeals respondent's
determination to proceed with collection of a 1996 tax liability
comprising $11,172.81 in income tax and a $532.76 section

6682[1] penalty. After the petition was filed, respondent moved to dismiss the section 6682 penalty for lack of this Court's jurisdiction. The issues for our consideration are as follows: (1) Whether we have jurisdiction over the portion of the petition that relates to the section 6682 penalty, and (2) whether respondent's determination to proceed with collection of petitioner's assessed income tax for 1996 was an abuse of discretion.

## FINDINGS OF FACT

Petitioner, who resided in Bethel Park, Pennsylvania, at the time his petition was filed, did not file a 1996 Federal income tax return. Respondent examined petitioner's 1996 tax year by means of correspondence. In response to respondent's correspondence, petitioner protested the deficiency and requested an interview.

On December 15, 1997, respondent mailed petitioner a statutory notice determining an $11,172.81 income tax deficiency for 1996. Petitioner sent a letter to this Court concerning the deficiency notice. Petitioner's letter was filed as a petition, and he was notified that to perfect it, he had to provide additional information and pay a $60 filing fee. In response, petitioner sent a letter to this Court stating that no deficiency

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

existed.  Petitioner did not amend the petition or pay the filing fee, and his 1996 tax case was dismissed on May 20, 1998.  After the dismissal, respondent assessed the income tax deficiency against petitioner.  In addition to that assessment, during 1997, respondent assessed a $532.76 penalty under section 6682 in connection with petitioner's 1996 tax year.

On July 27, 2000, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing under section 6330.  In response to this notice, petitioner requested a section 6330 hearing, which occurred during spring 2001.  On May 2, 2001, petitioner was sent a Notice of Determination Concerning Collection Action(s) under section 6320/6330.  This notice informed petitioner of the following: (1) His right to appeal to this Court, (2) the determination that a levy was the appropriate collection tool, (3) the Internal Revenue Service's belief that petitioner's position at the hearing was frivolous and had no basis in law, and (4) that all procedures and administrative requirements had been met.

On May 31, 2001, petitioner filed a Petition for Lien or Levy Action Under Code Section 6330(d).  On July 23, 2001, respondent filed a motion to dismiss the petition for lack of jurisdiction insofar as it relates to the section 6682 penalty.

## OPINION

We must decide:  (1) Whether to dismiss for lack of jurisdiction with respect to the penalty assessed petitioner

under section 6682; and (2) whether respondent's determination to proceed with collection of petitioner's assessed income tax liability was an abuse of discretion.

## I.  Motion To Dismiss for Lack of Jurisdiction

During 1997, respondent assessed a $532.76 penalty under section 6682 on the basis that petitioner provided false information with respect to withholding for 1996.  Respondent moved to dismiss the petition for lack of jurisdiction insofar as it seeks review of this penalty.  Respondent contends that this Court does not have jurisdiction over a section 6682 penalty.

Section 6682(c) provides that deficiency procedures "shall not apply in respect to the assessment or collection of any penalty imposed by * * * [this section]."  See Castillo v. Commissioner, 84 T.C. 405, 411 (1985).[2]  Accordingly, we lack jurisdiction over petitioner's claim with respect to the section 6682 penalty.

## II.  Abuse of Discretion

The petition in this case was filed under section 6330. Petitioner alleged numerous claims including, but not limited to, claims of procedural and substantive defects in both the assessment of his income tax deficiency for 1996 and the section

_____

[2] See also Van Es v. Commissioner, 115 T.C. 324 (2000) (holding, in a sec. 6330 case, that the Tax Court lacked jurisdiction over a sec. 6702 penalty for the filing of a frivolous return and granted the Commissioner's motion to dismiss for lack of jurisdiction).

6330 hearing.  In particular, petitioner argues that he was not afforded a "fair hearing" because he did not receive a Form 4340, Certificate of Assessments and Payments, and was deprived of his right to subpoena documents and witnesses and confront witnesses. In regard to the 1996 tax liability, respondent argues that petitioner's contentions that he did not receive a "fair" hearing are either irrelevant or refuted by the transcript of petitioner's account.  As explained later in this opinion, we conclude that there was no abuse of discretion.

A.  Verification of Petitioner's Account

Petitioner contends that he was not shown a Form 4340 at his hearing before Appeals.  We note that petitioner also contended that he did not receive a statutory notice of deficiency.  Upon further inquiry at trial, however, it became apparent that he had received a notice of deficiency.[3]  Accordingly, we approach with caution petitioner's contention that he was not shown a Form 4340.

---

[3]     PETITIONER:  There is no evidence of a notice of deficiency being issued. * * *

THE COURT:  Well, did you receive a notice of deficiency?

PETITIONER:  I received something that told me it was a 90-day letter.

THE COURT:  That is a notice of deficiency.

Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a "fair hearing". Sec. 6330(b). A "fair hearing" requires, inter alia, that the conducting officer receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met. Sec. 6330(c). In satisfying this requirement, the Secretary may use a Form 4340. Lunsford v. Commissioner, 117 T.C. 183, 187-188 (2001).

One week before trial, respondent provided petitioner with a transcript of petitioner's account. A transcript of a taxpayer's account and a Form 4340 contain the same information, insofar as pertinent here. A transcript contains transaction codes, whereas a Form 4340 contains a conversion of the codes into descriptive terms. At trial, petitioner exhibited his understanding of the transaction codes. Accordingly, the transcript provided petitioner with the same information as a Form 4340 and satisfies the requirement that he be provided with a verification of his account. See Nestor v. Commissioner, 118 T.C. 162 (2002); Kuglin v. Commissioner, T.C. Memo. 2002-51.

B. The Right To Subpoena Documents and Witnesses, Etc.

Petitioner argues that section 6330, as written, does not provide for a "fair hearing". Petitioner argues that a "fair hearing" must include the right to subpoena documents and witnesses, confront witnesses, submit evidence, etc. We hold

that a "fair hearing" under section 6330 does not require the formalities requested by petitioner.

The right to subpoena documents and witnesses, confront witnesses, etc., is essential only in a formal adjudication; i.e., an "adjudication required by statute to be determined on the record after opportunity for an agency hearing".  5 U.S.C. sec. 554 (2000) (Administrative Procedure Act (APA) sec. 554).  We have already held that section 6330 hearings are not formal adjudications.  Katz v. Commissioner, 115 T.C. 329, 337-339 (2000); Davis v. Commissioner, 115 T.C. 35, 41-42 (2000).  In doing so we have explained that Congress, in establishing a section 6330 hearing, did not indicate it wished to deviate from the informal Appeals process already provided for under section 601.106(c), Statement of Procedural Rules.  Katz v. Commissioner, supra; Davis v. Commissioner, supra.

Petitioner contends that the requirements set forth under 5 U.S.C. sec. 556 (APA sec. 556) apply to a section 6330 hearing.  APA section 556 provides for the right of a party to "present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examinations as may be required for a full and true disclosure of the facts."  Petitioner, however, has extracted this language out of the context.  In order for APA section 556 to apply, the hearing must be a formal adjudication.  See APA sec. 554; Lunsford v.

<u>Commissioner</u>, 117 T.C. 159 (2002). As already explained, the hearing before Appeals is intended to be informal.

In addition, a recent regulation provides that "The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. sec. 551, et. seq. do not apply to  * * * [section 6330 hearings]". Sec. 301.6330-1(d), A-D6, Proced. & Admin. Regs. This regulation also provides that a face-to-face interview is not required at a section 6330 hearing and that a taxpayer does not have the right to subpoena and examine witnesses. Sec. 301.6330-1(d), Proced. & Admin. Regs. Accordingly, we hold that respondent did not abuse his discretion in determining to proceed with the proposed collection action in this case.

Petitioner set forth other contentions on brief and at trial. To the extent not herein discussed, petitioner's contentions have been rendered moot by our holding or are without merit.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.