**Claude DOUGE and Jacqueline Douge,
Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–Appellee.**

**No. 466, Docket 88–4131.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 21, 1989.

Decided March 26, 1990.

Louis F. Brush & Associates, Mineola, N.Y., submitted brief, for petitioners-appellants.

Gary R. Allen, Washington, D.C. (Shirley D. Peterson, Asst. Atty. Gen., Gilbert S. Rothenberg, Curtis C. Pett, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel), submitted brief, for appellee.

Before OAKES, Chief Judge, CARDAMONE, Circuit Judge, and POLLACK, District Judge.*

CARDAMONE, Circuit Judge:

We consider on this appeal a tax court's enforcement of a tax deficiency found by the Commissioner, and the addition of a penalty to the tax for fraud, based on its finding of a taxpayer's intentional wrongdoing. When citizens engage in the

* Hon. Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

somewhat depressing annual spring rite of preparing and filing their tax returns, they may believe, with Justice Holmes, that "[t]axes are what we pay for civilized society." *Compania General De Tabacos De Filipinas v. Collector of Internal Revenue*, 275 U.S. 87, 100, 48 S.Ct. 100, 105, 72 L.Ed. 177 (1927) (Holmes, J., dissenting). Even though appellate courts cannot ensure that the government's *quid pro quo* will be delivered upon receipt of our taxes, they can and should review the exercise by the tax court of its power to enforce deficiencies and to impose penalties against taxpayers. Here, the tax court's additions to tax for fraud was determined without either findings or a written opinion, thereby precluding meaningful review. Allowing the government to obtain additional tax revenues from taxpayers through an arbitrary procedure followed by the tax court offends, in our view, common notions of fairness. Hence, although we affirm the tax deficiencies the tax court imposed, we reverse the penalty for fraud.

I

Taxpayers are a married couple, Claude and Jacqueline Douge, residing in New York City. The wife was employed by a bank and reported her income pursuant to a Form W–2 issued by her employer. Her husband, Claude, is a physician, who reported his medical practice income and expenses on Form 1040, Schedules C and A. Following an audit of their jointly filed tax returns for the years 1980 through 1983, the Commissioner sent taxpayers a statutory notice asserting income tax deficiencies of $54,764 for 1980, $71,052 for 1981, $28,439 for 1982 and $23,110 for 1983. The deficiency determinations were based on a finding that taxpayers' bank deposits in those years were not reported as income or otherwise explained. The Commissioner determined that these funds were income from the medical practice, and believed that the underpayment was due, at least in part, to fraud on the part of Claude Douge. Consequently, the Commissioner asserted an addition to tax against the taxpayer.

On January 6, 1988 taxpayers were notified that their case was set for trial in five months time on June 6, 1988. In the meanwhile, the parties were directed to stipulate all of the undisputed facts and to indicate what documentary proof was to be presented. Taxpayers completed the Commissioner's Request for Admissions and Interrogatories, but failed either to sign the proposed Stipulation of Facts prepared by the Commissioner or to submit their own. After unsuccessful attempts to stipulate to documentary evidence, the Commissioner served taxpayers on March 16, 1988 with a formal request for production of documents, including a request to examine books and records showing payments due to Claude Douge from patients and/or insurance companies, amounts billed patients and/or insurance companies and the medical practice appointment books, and for documentation substantiating deductions taken by taxpayers.

Although taxpayers delayed in responding to the document request, they did produce a portion of the documents on May 5. Those relating to income from the medical practice were not provided because taxpayers claim that those records were either lost or misplaced when the accountant who prepared the returns for the years in question died during the course of the tax audit. On May 12, 1988 the Commissioner moved for sanctions against taxpayers for their unjustified refusal to produce the documents relating to Dr. Douge's income, and asked the tax court to exclude the requested documents from evidence or, in the alternative, that the case be dismissed and a decision entered against taxpayers for the full amount of the deficiency together with the fraud penalty. A hearing on the Commissioner's motion was scheduled for the morning of June 6, 1988—the date the trial was scheduled to begin. Immediately prior to the hearing, counsel for the Commissioner presented taxpayers' counsel with a second proposed Stipulation of Facts, and though it would have allowed approximately $80,000 of the contested deductions, taxpayers did not agree to it.

At the hearing, counsel for taxpayers told the court that his clients did not fully

comply with the discovery order because they no longer had the records pertaining to income received by Claude Douge in his medical practice. Taxpayers claim the Commissioner was aware of this fact from the outset of the case, though no evidence of it appears in the record. Taxpayers' counsel requested a continuance in order to obtain the complete bank records that the Commissioner had subpoenaed from the banks. Counsel admitted that he had not previously requested those records, and that he had not submitted any written Stipulation of Facts to the Commissioner. The motion for a continuance was denied.

The tax court then found that taxpayers had failed to prepare for trial, to present a written Stipulation of Facts to the Commissioner, to submit a Trial Memorandum 15 days prior to the trial date in accordance with the court's standing order, to obtain necessary bank records through timely discovery procedures or by filing a motion to compel the Commissioner to produce those records, and to comply with the Commissioner's request for documents. All of these failures were deemed sufficient cause to grant the Commissioner's motion to dismiss the case. Tax Court Judge Goffe then found against taxpayers for the full amount of the tax deficiencies. Without taking proof or making findings, he also assessed the full 50 percent penalty for fraud plus interest for the tax years 1982 and 1983 against Claude Douge. A brief one-page order embodying these rulings made from the bench was entered June 6, 1988. It is from this order that taxpayers appeal.

## II

■ The Commissioner's determination of an income tax deficiency enjoys a presumption of correctness, requiring a taxpayer petitioning for review to prove it wrong. *See Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Schaffer v. Commissioner,* 779 F.2d 849, 857 (2d Cir.1985). In such a proceeding, the Rules of Practice and Procedure, 26 U.S.C.A. foll. § 7453 (Tax Court Rules), apply. The request for sanctions in this case was made pursuant to Rules 123(a) and 104. Tax Court Rule 123(a) provides that the tax court may hold a party in default for failure to proceed as required by the Rules or as ordered by the court, and may enter a decision against a defaulting party or impose other sanctions. Rule 123(b) grants the tax court power to dismiss a case for any reason deemed sufficient and enter a decision against the petitioner on any issue as to which he has the burden of proof. Tax Court Rule 104(c)(3) specifically permits the sanction of dismissal for failure to comply with discovery orders.

■ In deciding whether to dismiss a case under Rule 104(c), the tax court follows the standards for dismissal under Fed. R.Civ.P. 37(b)(2). *Dusha v. Commissioner,* 82 T.C. 592, 598–99 (1984). These standards were announced by the Supreme Court in *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 208–12, 78 S.Ct. 1087, 1093–96, 2 L.Ed.2d 1255 (1958). Such dismissals must be supported by a finding that the noncompliance was due to "willfulness, bad faith, or any fault," rather than mere inability to comply. *Id.* at 212, 78 S.Ct. at 1096. Here, the dismissal was not based solely on taxpayer's failure to produce the documents relating to income from Dr. Douge's medical practice. The Commissioner's motion to dismiss the taxpayers' petition was granted because taxpayers failed to prepare for trial as directed, to present a written Stipulation of Facts, to submit timely a Trial Memorandum, to obtain bank records, and to comply with the Commissioner's request for documents. These derelictions provided ample grounds for the tax court to dismiss taxpayers' petition pursuant to Tax Court Rules 123 and 104. Hence, we affirm that part of the tax court's order that dismissed the petition seeking redetermination of the assessed tax deficiencies.

## III

■ We turn now to the tax court's imposition of the addition to tax for fraud. The Internal Revenue Code of 1954, I.R.C.

§ 6653(b)(1) (1982) (current version at I.R.C. § 6653(b)(1) (1989)), provided that a penalty of 50 percent of the tax deficiency may be imposed on a taxpayer when the underpayment is due to fraud. For the tax years after 1982, the court also assessed a penalty of 50 percent of the interest due on an underpayment arising from fraud. This "addition to tax for fraud" is a civil sanction intended to permit the government to recover its loss of income resulting from taxpayers' fraud and the expenses of an investigation to uncover this wrongdoing. *See Helvering v. Mitchell,* 303 U.S. 391, 401, 58 S.Ct. 630, 634, 82 L.Ed. 917 (1938). The burden of establishing fraud is on the Commissioner, I.R.C. § 7454, which has been interpreted as requiring proof by clear and convincing evidence that taxpayers acted with an intent to evade paying taxes. *See Korecky v. Commissioner,* 781 F.2d 1566, 1568 (11th Cir.1986) (per curiam); *Schaffer,* 779 F.2d at 857. A finding of fraud by the tax court will not be disturbed on appeal unless it is clearly erroneous. *Id.* Taxpayers assert here that the tax court erred in assessing the addition to tax because there was no clear and convincing proof on this issue before it.

▇▇▇ Although admissions in the pleadings may be sufficient to show fraud, *Smith v. Commissioner,* 91 T.C. 1049, 1057–58 (1988), the instant case does not involve constructive admissions under Tax Court Rule 90(c) (failure to respond to request for admissions), or Rule 37(c) (items not denied in reply to Commissioner's answer deemed admitted). Circumstantial evidence may also be sufficient to discharge the Commissioner's burden of proof. *See Schaffer,* 779 F.2d at 857. Such evidence may include (1) consistent and substantial understatement of income, (2) failure to maintain adequate records, (3) failure to cooperate with an IRS investigation, (4) inconsistent or implausible explanations of behavior and (5) awareness of the obligation to file returns, report income and pay taxes. *See Bradford v. Commissioner,* 796 F.2d 303, 307–08 (9th Cir.1986).

In the case at hand, the Commissioner's answer averred that income was consistent-

ly and significantly underreported, and that petitioner failed to keep and to produce adequate records. Taxpayers responded to the latter assertion at the June 6, 1988 hearing by stating that the documents were out of their control due to the death of their accountant. Standing alone, the Commissioner's allegations do not constitute clear and convincing proof of fraud, though they were plainly probative on the deficiency judgment entered against the taxpayers. Instead, these allegations present a factual issue regarding proof of fraud to be determined by the tax court after examining the evidence.

The conclusion that underreporting and inadequate records without more does not constitute fraud is bolstered by the fact that cases imposing the addition to tax in default situations have generally involved either a default in appearance when the case was called for trial, or a more willful disobedience of the court's orders than is shown here. *See Smith,* 91 T.C. at 1052 (taxpayer failed to appear at trial); *Marshall v. Commissioner,* 85 T.C. 267, 268–70 (1985) (taxpayer failed to respond to request for admissions and did not appear at trial); *Rechtzigel v. Commissioner,* 79 T.C. 132, 135 (1982) (petitioner refused to comply with court order compelling him to produce documents despite adverse ruling on an asserted Fifth Amendment privilege), *aff'd,* 703 F.2d 1063, 1064 (8th Cir.1983) (per curiam); *Doncaster v. Commissioner,* 77 T.C. 334, 336 (1981) (petitioner failed to appear).

Taxpayers in the instant case responded to the Commissioner's Request for Admissions, actively contested the allegations of fraud, participated, at least in part, in discovery proceedings, and appeared before the tax court by counsel. Although their neglect in preparing the case for trial provided sufficient grounds to dismiss their petition for a redetermination of deficiency, such neglect did not permit the tax court to enter a default judgment on the additions to tax for fraud without having clearer and more convincing proof before it, and without making findings of fact in light of the standard of proof necessary to establish

 

fraud. *Cf. Rechtzigel,* 703 F.2d at 1064 n. 2.

Without taking proof or making any factual findings, the tax court imposed the fraud penalty peremptorily from the bench, leaving us without the means to review intelligently its determination. The bare record before us is insufficient to demonstrate that Dr. Douge's conduct was intentionally calculated to conceal and to prevent the collection of income taxes for the years in question. Consequently, the imposition of the addition to tax for fraud plus interest is reversed, and the case is remanded to the tax court in order to afford taxpayer an opportunity for a hearing on the merits of the addition to tax for fraud. *Cf. Societe Internationale v. Rogers,* 357 U.S. at 209, 78 S.Ct. at 1094.

Affirmed in part, reversed in part, and remanded.