RAYMOND A. CLOUTIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cloutier v. Commissioner
Docket No. 23633-92
United States Tax Court
T.C. Memo 1994-558; 1994 Tax Ct. Memo LEXIS 563; 68 T.C.M. (CCH) 1165; 68 Trade Cas. (CCH) P1165; November 3, 1994, Filed *563 Decision will be entered for respondent. For the petitioner: Tristan P. Junius. For the respondent: Wesley F. McNamara. RAUM
RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1975
$  3,455.74
$ 1,727.87
$ 149.52
1976
$  5,381.00
$ 2,690.50
$ 200.41
1977
$  5,943.75
$ 2,971.88
$ 204.48
1978
$  6,512.00
$ 3,256.00
$ 207.88
1979
$  5,549.88
$ 2,774.94
$ 204.55
1980
$  7,697.65
$ 3,848.83
$ 461.86
1981
$  8,422.00
$ 4,211.00
$ 593.00
1982
$ 10,408.00
[1]  $ 870.00
1983
$  8,304.00
[2]  $ 507.00
*564 Petitioner has conceded the above deficiencies and the section 6654 additions to tax. The sole issue remaining for decision is whether petitioner is liable for the additions to tax for fraud under section 6653(b). At the time the petition in this case was filed, petitioner resided in Queens' Village, New York. During the tax years and for some period prior thereto, at least back to 1972, petitioner was an employee of United Airlines. For the tax years petitioner received taxable income from wages, interest, and dividends as follows: Year
Wages
Interest
Dividends
Total
1975
$ 16,333.00
$  27.72
$ 344.11
$ 16,704.83
1976
21,351.00
29.16
142.35
21,522.51
1977
22,750.00
61.00
164.00
22,975.00
1978
23,839.50
76.00
251.16
24,166.66
1979
22,548.00
109.00
359.00
23,016.00
1980
27,547.90
82.00
-  27,629.90
1981
29,150.00
158.00
-  29,308.00
1982
35,162.26
30.00
-  35,192.26
1983
32,698.00
-  -  32,698.00
Prior to 1975 petitioner filed his Federal income tax returns and had Federal income taxes withheld from his wages. He had knowledge of the Federal income tax return filing requirements. The returns filed for the years prior *565 to 1975 were accompanied by payment in full of the tax liabilities shown thereon. In 1972 petitioner had submitted to his employer a Form W-4, Employee's Withholding Exemption Certificate, claiming three exemptions, two for himself and his wife and the third for a dependent. Beginning with the tax year 1975, however, petitioner took steps to eliminate the withholding of income taxes from his wages. To that end he submitted to his employer a Form W-4 claiming 25 withholding exemptions. Petitioner did not file Federal income tax returns for any of the years 1975 through 1983. He made no payments toward Federal income tax liabilities, although his employer did make payments of comparatively small amounts on his behalf for some of those years equal to the withholdings from his wages. On January 15, 1982, the Commissioner sent petitioner a letter informing him that the IRS had not received a Federal income tax return from petitioner for the year 1979. Shortly thereafter, in February 1982, the IRS received from petitioner Form 1040 documents purporting to cover the years 1975 through 1982. The tax return forms thus submitted by petitioner for the years 1975 through 1982 contained *566 none of the information necessary to determine his income or his tax liability. Petitioner answered "object 5th" or entered similar Fifth Amendment objections on almost every line of the return forms. He also stated on the front of each form "Objections are also made under the 1st, 4th, 7th, 8th, 9th, 10th, 13th & 14th [amendments]". On one of the forms there was added even a further objection based on the Second Amendment. Attached to each of these forms (except 1982) were various tax protester materials. The director of the Internal Revenue Service Center for petitioner's area informed petitioner by letter dated March 3, 1982, that the forms petitioner submitted for 1980 and 1981 were unacceptable. Petitioner responded the same month by letter which contained numerous tax protester arguments. Again, on May 16, 1983, the same director informed petitioner, this time by registered mail, that the form which petitioner had submitted for 1982 was not acceptable as an income tax return, and again petitioner responded with a tax protester type of letter. Thereafter, by letter to the IRS dated May 17, 1986, petitioner attempted to withdraw from the Social Security System, attempted *567 to "rescind" all his past W-4s, 1040s, "and any other type of forms connected with [his] Social Security Number, Account and [his] application for enrollment into the Social Security and Income Tax Programs." Finally, by letter to the Secretary of the Treasury dated July 10, 1986, he gave "notice of my Official Recision of all government forms and signatures thereon", asserting that "constructive fraud" had been perpetrated against him by, inter alia, the IRS. Other than petitioner's foregoing frivolous communications, he made no further effort to address his income tax liability for the years in issue. In an attempt to obtain third party records regarding petitioner's income tax liabilities, the IRS served summonses on both Jamaica Savings Bank and Manufacturers Hanover Trust on May 10, 1984. The summonses requested information regarding petitioner for the years 1980, 1981, and 1982. Petitioner vigorously sought in a Federal District Court to have the summonses quashed, and he also filed in the District Court a Motion for Discovery on May 30, 1984. The District Court on April 17, 1985, entered an order denying petitioner all relief and dismissing his action. On April 17, 1986, *568 petitioner was charged with three counts of willfully failing to file income tax returns for the taxable years 1980, 1981, and 1982, in violation of section 7203. Following a jury trial, petitioner was found guilty on July 25, 1986, on all three counts. Petitioner was sentenced to 1 year imprisonment (6 months suspended), to be followed by 3 years of probation. A special condition of his probation was that petitioner file timely and accurate tax returns. The conditions of probation were extended for 2 additional years due to petitioner's failure to make restitution payments in respect of his past due taxes. The Court of Appeals for the Second Circuit affirmed the District Court. Upon petitioner's failure to discharge his liabilities for his past due taxes, the Commissioner sent him a statutory notice of deficiency determining income tax deficiencies and additions to tax for the years 1975 through 1983. Currently in controversy is whether petitioner is liable for additions to tax for fraud under section 6653(b). The Commissioner has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); *569 Parks v. Commissioner, 94 T.C. 654, 660 (1990); Castillo v. Commissioner, 84 T.C. 405, 408 (1985). Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Niedringhaus v. Commissioner, 99 T.C. 202, 210 (1992). The Commissioner must establish (1) that the taxpayer has underpaid his taxes for each year and (2) that some part of the underpayment was due to the taxpayer's intent to conceal, mislead, or otherwise prevent the collection of such taxes. Sec. 6653(c); Parks v. Commissioner, supra at 660-661. Petitioner has conceded the underpayment of tax for the years in question. The first half of the Commissioner's burden is therefore met. We must now determine whether some part of the underpayment was due to petitioner's intent "to conceal, mislead, or otherwise prevent the collection of such taxes." Id. at 661. Fraud is never presumed, it must *570 be established by affirmative evidence. Niedringhaus v. Commissioner, supra at 210. Fraud, however, may be inferred from any conduct, the effect of which would be to mislead or conceal, Spies v. United States, 317 U.S. 492, 499 (1943), or can be found where an entire course of conduct establishes the necessary intent, Patton v. Commissioner, 799 F.2d 166, 171 (5th Cir. 1986), affg. T.C. Memo. 1985-148; Niedringhaus v. Commissioner, supra at 210; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The record before us provides ample evidence of fraud on the part of petitioner. Although petitioner had filed returns for pre-1975 years and knew of the filing requirements, he deliberately ceased filing the required tax returns for at least 9 years. Petitioner increased the number of withholding exemptions on his Form W-4 in an attempt to eliminate the withholding of Federal income taxes. He failed to cooperate with the Commissioner's agents during their investigation, and filed frivolous motions *571 with the District Court in an attempt to impede their investigation. Petitioner filed tax protester types of alleged returns for the years 1975-1982, which served no purpose other than to impede and delay the collection of the tax due from him. Finally, not only was he convicted of three counts of willfully failing to file income tax returns for the years 1980, 1981, and 1982 in violation of section 7203, but the parties hereto have stipulated "Petitioner willfully chose not to file U.S. Individual Income Tax Returns for each of the years 1975 through 1983." We are convinced that petitioner's conduct revealed by the record clearly rises to the level of fraud. Petitioner concedes all of the facts that support our determination of fraud. However, he argues that his conduct was sufficiently open to preclude a finding of fraud, relying upon Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), revg. T.C. Memo. 1980-571. To be sure, Raley bears a superficial resemblance to the present case. There, a tax protester also decided to stop filing tax returns, and filed false Form W-4Es for the years there at issue, claiming he *572 was exempt from Federal withholding. He engaged in a campaign of letter writing to the IRS, the Secretary of the Treasury, and others, designed to "inform every person involved in the collection process that he was not going to pay any federal income taxes." Id. at 983. But there is a critical difference between the present case and Raley. The letter writing in Raley began at approximately the same time the taxpayer decided to stop paying Federal taxes. Id. at 982. It was the contemporaneous nature of these letters that played a part in the Third Circuit's conclusion that there was an absence of intent to defraud. The Court of Appeals stated "The letters do not support a claim of fraud; to the contrary, they make it clear that Raley intended to call attention to his failure to pay taxes. It would be anomalous to suggest that Raley's numerous attempts to notify the Government are supportive, let alone suggestive, of an intent to defraud." Id. at 983-984. In the present case petitioner did not inform any official of his refusal to pay Federal income taxes until after he was first notified by the Commissioner in a letter dated January 15, 1982, that no *573 1979 return had been received from petitioner. The fact that petitioner took steps to contact the IRS only after receiving notice of his delinquency is itself evidence to be taken into account in determining whether there was fraud. Rowlee v. Commissioner, 80 T.C. 1111, 1124 (1983). "It is well settled that later repentant behavior does not absolve a taxpayer of his antecedent fraud." Niedringhaus v. Commissioner, supra at 213 (citing Badaracco v. Commissioner, 464 U.S. 386, 394 (1984); Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Miller v. Commissioner, 94 T.C. 316, 335 (1990)). In Estate of Ming v. Commissioner, T.C. Memo. 1976-115, 35 T.C.M. 522, 528, we said: His [the taxpayer's] cooperation began after the Internal Revenue Service had discovered on its own that he had failed to file returns for a number of years. Cooperation, when there is no sensible alternative may indicate a taxpayer's reasonableness *574 and intelligence, but it does not necessarily suggest the absence of fraudulent intent. Cf. Lord v. Commissioner, supra, 525 F.2d at 748.
Regardless of whether we accept the Third Circuit's reversal of our decision in Raley as a correct analysis of the law, cf. Rowlee v. Commissioner, 80 T.C. 1111, 1124 n.10 (1983), not only is it factually distinguishable here, but also other Courts of Appeals that have considered Raley have either limited the reach of that opinion or have refused to follow it. See Edelson v. Commissioner, 829 F.2d 828 (9th Cir. 1987), affg. T.C. Memo. 1986-223 (disclosure of willful refusal to file is irrelevant to Tax Court's finding of fraud and such a finding is not clearly erroneous); Granado v. Commissioner, 792 F.2d 91 (7th Cir. 1986), affg. T.C. Memo. 1985-237, cert. denied 480 U.S. 920 (1987) (explicitly rejected the analysis of the Third Circuit in Raley); and Zell v. Commissioner, 763 F.2d 1139, 1144, 1146, 1147 (10th Cir. 1985) *575 (agreeing "with the Third Circuit's interpretation of section 6653(b) in Raley" but holding that the filing of false W-4 statements is an "'affirmative act' of misrepresentation sufficient to justify the fraud penalty"; concurring opinion explicitly treats Raley as "an unwarranted departure from established law identifying 'fraud' in the context of section 6653(b)"), affg. T.C. Memo. 1984-152. We are satisfied that the Commissioner has met the required burden of proof as to fraud for each of the years in question in respect of the full amount of the deficiency for each year. We find petitioner's argument that his failure to make payment was sufficiently open to negate a finding of fraud to be without merit. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Petitioner is liable for additions to tax in the amounts of $ 5,204 pursuant to sec. 6653(b)(1) and 50 percent of the interest due on $ 9,234 pursuant to sec. 6653(b)(2).↩
2. Petitioner is liable for additions to tax in the amounts of $ 4,152 pursuant to sec. 6653(b)(1) and 50 percent of the interest due on $ 8,304 pursuant to sec. 6653(b)(2).↩