T.C. Memo. 1998-16


UNITED STATES TAX COURT


Franklin Earl, Kish, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27493-96.                    Filed January 13, 1998.


Franklin Earl, Kish, pro se.

Eric R. Skinner, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Franklin Earl, Kish petitioned the Court to redetermine respondent's determination of deficiencies in and additions to his 1992 through 1994 Federal income taxes. Respondent determined the following deficiencies and additions thereto:

|       |            | Additions to Tax | |
|       |            | Sec. | Sec. |
| Year  | Deficiency | 6651(f) | 6654 |
|       |            |         |      |
| 1992  | $12,153    | $7,214  | $123 |
| 1993  | 36,489     | 26,892  | 1,499 |
| 1994  | 55,518     | 41,639  | 2,860 |

Respondent also determined that petitioner is liable for additions to each year's tax under section 6651(a), to the extent that he is not liable for the additions to tax under section 6651(f).

We must decide the following issues:

1.  Whether petitioner received $25,742 and $6,540 of wages in 1992 and 1993, respectively, as determined by respondent.  We hold he did.

2.  Whether petitioner received $23,892, $101,164, and $151,548 of gross receipts in 1992 through 1994, respectively, as determined by respondent.  We hold he did.

3.  Whether petitioner is liable for the additions to tax for fraudulent failure to file determined by respondent under section 6651(f).  We hold he is.[1]

4.  Whether petitioner is liable for the additions to tax for failure to pay estimated tax determined by respondent under section 6654.  We hold he is.

---

[1] Thus, we do not decide respondent's alternative determination under sec. 6651(a).

5.  Whether petitioner is liable for a sanction under section 6673(a).  We hold he is and require him to pay to the United States a penalty of $5,000.

Section references are to the Internal Revenue Code in effect for the subject years.  Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Some of the facts have been stipulated.  These stipulations and the exhibits submitted therewith are incorporated herein by this reference.  Petitioner did not file a Federal income tax return for any of the subject years.  He claims not to have had a Social Security number during these years because he "rescinded" the Social Security number that was given to him many years before.  Petitioner lived in West Olive, Michigan, when he petitioned the Court.

In 1992 and 1993, petitioner worked as an employee of the Grand Rapids Area Transit Authority, f.k.a. Grand Rapids City Coach Lines (the Authority), and the Authority paid him wages of $25,742 and $6,540 during the respective years.  Petitioner also marketed biomagnetic devices in each subject year through his sole proprietorship known as Universal Magnetics.

Petitioner and his wife have at least two joint bank accounts at ATL Employees Credit Union (the Credit Union).  These accounts are numbered 17075-2-01 and 17075-2-10.  Petitioner also

has two bank accounts at the Credit Union which are titled in the name "Universal Magnetics".  These accounts are numbered 17076-5-01 and 17076-2-10.  During the subject years, the following total deposits were made into these four accounts:

| Account Numbers | 1992 | 1993 | 1994 |
|---|---|---|---|
| 17075-2-01 | $25,770 | $27,069 | $32,011 |
| 17075-2-10 | 10,226 | 39,952 | 8,628 |
| 17076-5-01 | 17,734 | 76,927 | 123,916 |
| 17076-5-10 | 280 | 6,119 | 900 |
| Total | 54,010 | 150,067 | 165,455 |

After these total deposits were reduced by petitioner's net wages, transfers, interest, and redeposits, the net deposits into these accounts totaled $23,892, $101,164, and $151,548 during the respective years.

Petitioner submitted a letter dated July 13, 1994, to the Director of Foreign Operations District, Internal Revenue Service, stating that petitioner is not a "citizen of the United States" and is not a 'person', nor an 'individual', nor a 'taxpayer' as those terms are defined at 26 U.S.C. 7701." Petitioner also submitted a letter dated November 7, 1995, to the Office of Regional Commissioner stating that petitioner was not a "taxpayer" as that term is defined in the Code, and that the Sixteenth Amendment to the United States Constitution does not give the Federal Government the right to tax him.

During respondent's audit of the subject years, respondent issued a summons to the Credit Union on August 4, 1995, requesting financial information on petitioner. Respondent did so after his revenue agent had attempted unsuccessfully to get the information from petitioner. Petitioner moved the U.S. District Court of Michigan, Western District, on August 23, 1995, to quash respondent's summons, asserting primarily frivolous claims of constitutional violations. Petitioner stated in his affidavit accompanying his motion that "We have no source of income from within the United States or a State. Nor are we engaged in a 'trade or business' within the United States". On January 30, 1996, the District Court dismissed petitioner's motion as frivolous and sanctioned him $250 for filing a petition and brief as "nonsensical attempts to interfere with compliance with a valid summons". The District Court also stated that petitioner raised "barely intelligible claims of the kind generally advanced in 'tax protestor' cases".

Before the subject years, petitioner had a history of filing Federal income tax returns.

## OPINION

Petitioner did not file an income tax return for any of the subject years, and respondent determined that petitioner was liable for the above-mentioned deficiencies and additions thereto. Except for the additions to tax for fraudulent failure

to file, petitioner must prove respondent's determinations wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent must prove the determinations of fraud by clear and convincing evidence. Sec. 7454; Rule 142(b); Castillo v. Commissioner, 84 T.C. 405, 408 (1985).

Petitioner has not introduced any evidence that rebuts the evidence submitted in support of respondent's determination of the income tax deficiencies and additions thereto for which petitioner has the burden of proof. Instead of attempting to challenge the merits of respondent's determinations, petitioner chooses to rely on shopworn assertions as to the validity of the Federal income tax system and the authority of this Court to conduct this proceeding. All of petitioner's arguments are similar to rejected arguments of other taxpayers who have previously petitioned this Court in protest of their liability for Federal income tax. Petitioner's assertions in this case are characteristic of the tax-protester rhetoric that has been universally rejected by this and other courts. We will not painstakingly address petitioner's assertions as to the validity of the Federal income tax system or the authority of this Court "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is subject to Federal income

tax during the relevant years, that we have the authority to conduct this proceeding, and that we sustain respondent's determinations for which petitioner has the burden of proof. Accord Minquske v. Commissioner, T.C. Memo. 1997-573.

With respect to the additions to tax for fraudulent failure to file, respondent argues that petitioner is liable for these additions because: (1) He failed to file his required tax returns, (2) he refused to cooperate with respondent's agents during the administrative and judicial proceedings, (3) he refused to disclose his books and records needed to calculate his income tax liability, (4) he refused to file returns after respondent advised him of his duty to do so, (5) he submitted numerous letters, motions, and pleadings attempting to raise a litany of shop-worn tax protester arguments, and (6) he took affirmative steps to conceal his income-producing activities by moving frivolously to quash the summons served on the Credit Union for financial information on him.

For returns the due date for which is after December 31, 1989, determined without regard to extensions, section 6651(f) imposes a 75-percent addition to tax where a failure to file a return is fraudulent. See also Clayton v. Commissioner, 102 T.C. 632, 653 (1994) (inquiry into fraud under section 6651(f) is similar to inquiry into fraud under former section 6653(b)(1)). Fraud is the intentional wrongdoing on the part of a taxpayer to

evade a tax believed to be owing, Miller v. Commissioner, 94 T.C. 316, 332 (1990); Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989), and is shown by proof that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of his or her tax, Spies v. United States, 317 U.S. 492, 499 (1943); Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Direct proof of a taxpayer's intent is rarely available; thus, fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the relevant facts. Spies v. United States, supra at 499; Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). The following indicia of fraud are examples of circumstantial evidence of fraudulent intent: (1) Understating income; (2) maintaining inadequate records; (3) failing to file tax returns; (4) giving implausible or inconsistent explanations of behavior; (5) concealing assets; (6) failing to cooperate with tax authorities; (7) engaging in illegal activities; (8) attempting to conceal illegal activities; (9) dealing in cash; and (10) failing to make estimated tax payments. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). These

"badges of fraud" are nonexclusive, and none of them is dispositive in and of itself. <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 211 (1992). A taxpayer's education and business background are also relevant to a finding of fraud, see <u>Wheadon v. Commissioner</u>, T.C. Memo. 1992-633, as is a taxpayer's refusal to cooperate with the Commissioner's summons authority and a taxpayer's initiation of frivolous proceedings to quash a summons issued pursuant to this authority, see <u>Wedvik v. Commissioner</u>, 87 T.C. 1458 (1986).

The facts and circumstances of this case clearly and convincingly support respondent's determination of fraud for each year in issue. First, petitioner knew that he had an obligation to file tax returns for the subject years, and he intentionally failed to honor this obligation. Second, petitioner has submitted tax protester documents during both the judicial and administrative proceedings that were undertaken to determine his tax liability, he was previously warned by the District Court of the frivolity of his tax protester positions, and he was previously sanctioned by the District Court for his frivolous positions. Third, petitioner would not cooperate with the revenue agent's requests for petitioner's books, records, and other financial information, and he attempted frivolously to quash a summons that was issued to the Credit Union for that information. Fourth, petitioner attempted to conceal his

moneymaking sole proprietorship by refusing to cooperate with respondent during the audit. Fifth, petitioner misstated the facts of his case in the affidavit, when he stated that he had no source of income, and that he was not involved in a trade or business. We conclude that petitioner failed to file Federal income tax returns for each of the subject years with the intent to conceal, mislead, or otherwise prevent the collection of Federal income tax due and owing from him, and we sustain respondent's determinations of the same.

As to respondent's motion for imposition of sanctions under section 6673, section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless. A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Sicalides v. Commissioner, T.C. Memo. 1989-164. In our opinion, such is the case here, and we believe that a penalty is appropriate. We will require petitioner to pay a $5,000 penalty to the United States under section 6673(a).

To reflect the foregoing,

An appropriate order and decision will be entered.