T.C. Memo. 2002-12

UNITED STATES TAX COURT

HOWARD AND LINDA LEVINE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6398-99.                    Filed January 10, 2002.

<u>Stuart E. Abrams</u>, for petitioners.

<u>Rosemarie D. Camacho</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income tax liabilities and penalties, as
follows:

| Year | Deficiency | Fraud Penalty Sec. 6663 |
|------|------------|-------------------------|
| 1990 | $ 2,108 | $ 1,581 |
| 1991 | 10,063 | 7,547 |
| 1992 | 11,136 | 8,352 |
| 1993 | 13,411 | 10,058 |

After settlement, the only issue for decision[1] is whether petitioner Howard Levine is liable for the fraud penalties for 1990, 1991, and 1992.[2]

Hereinafter, references to petitioner in the singular are to Howard Levine. Unless otherwise indicated, all references to sections are to the Internal Revenue Code, and all references to Rules are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

At the time they filed their petition herein, petitioners resided in Dix Hills, New York.

During 1990 through 1993, petitioner worked for his father's accounting firm as a bookkeeper and tax return preparer, and

---

[1] Due to the fact that petitioner Linda Levine was unable to be present to testify at the partial trial held on Dec. 5, 2000, we have reserved for decision whether petitioner Linda Levine qualifies for relief from liability under sec. 6015(b) for the Federal income tax deficiencies and the fraud penalties under sec. 6663 that respondent determined against petitioners regarding their joint Federal income tax returns for 1990 through 1993.

[2] With regard to 1993, petitioner Howard Levine's liability for the fraud penalty is established as a result of petitioner's guilty plea to criminal tax evasion under sec. 7201 for the same year.

In the alternative to the fraud penalties determined by respondent, respondent for each year also determined against petitioners late filing additions to tax and negligence penalties.

.

petitioner sold insurance and alarm systems. Petitioner does not have a college degree. During these same years, petitioner also performed bookkeeping and tax return preparation services for his own clients.

On April 23, 1990, petitioner applied for an automobile loan. On the loan application, petitioner indicated that his annual income was $120,000.

During 1990 through 1993, petitioner did not maintain books and records relating to any of his income-producing activities.

During 1975 through 1989, Mrs. Levine worked part-time in a department store.

For years prior to 1988, petitioners timely filed their Federal income tax returns.

For 1990 through 1993, petitioners did not timely file with respondent their Federal income tax returns that were due, nor did petitioners make any payments of estimated Federal income taxes.

In January of 1994, petitioner was contacted by respondent's revenue agent about petitioners' unfiled 1988 through 1992 Federal income tax returns.[3]

---

[3] Respondent's revenue agent who talked to petitioner in January of 1994 testified herein that during that conversation petitioner falsely stated that he already had filed his 1988 through 1992 Federal income tax returns. Petitioner contends that the testimony of respondent's revenue agent should be stricken and excluded from the evidence herein.

(continued...)

On November 27, 1995, petitioner met with respondent's special agents and was advised that he and his wife were under investigation for possible criminal violation of the Federal income tax laws regarding their failure to file Federal income tax returns for 1990 through 1993. At that meeting, petitioner represented falsely to respondent's representatives that he was a college graduate and a C.P.A.

On January 5, 1996, petitioners filed late their joint Federal income tax returns for 1990, 1991, 1992, and 1993.

---

[3](...continued)

The basis for petitioner's contention is that, during a subsequent criminal tax prosecution of petitioner, the Government did not give to petitioner a copy of the revenue agent's written summary of the statement petitioner had made during the January 1994 conversation with the revenue agent. Petitioner alleges that the Government's failure during the criminal proceeding to produce to petitioner this document constitutes a violation of Fed. R. Crim. P. 16(a)(1)(A) and that we should exercise our discretion in this civil tax proceeding to exclude the testimony of the revenue agent. Petitioner notes that, in appropriate circumstances, courts may exclude in civil proceedings evidence where the evidence was obtained in violation of an individual's Fourth Amendment rights. See Tirado v. Commissioner, 689 F.2d 307, 308 (2d Cir. 1982), affg. 74 T.C. 14 (1980); Houser v. Commissioner, 96 T.C. 184, 195 (1991).

In this case, we decline to apply the exclusionary rule to the revenue agent's testimony. Fed. R. Crim. P. 16 is intended to encourage full discovery and eliminate unfair surprise at trial. Because petitioner pled guilty, there was no criminal trial. Any prejudice to petitioner's plea negotiations that occurred as a result of petitioner's failure to receive the revenue agent's summary of petitioner's January 1994 statements should have been dealt with in the criminal proceedings. Prior to the trial herein, petitioner was advised of the substance of the revenue agent's testimony, and petitioner had ample time to prepare for that testimony. The revenue agent's testimony is admissible.

On their late-filed joint Federal income tax returns, petitioners reported Schedule C, Profit or Loss From Business, income and Form 1099 income relating to petitioner's work as a bookkeeper and tax return preparer for his father's accounting firm and relating to petitioner's work as a seller of insurance and alarm systems.

Petitioners did not report on the above late-filed joint Federal income tax returns income petitioner had received for bookkeeping and tax return preparation services petitioner had rendered for his own clients.

Petitioners made no payments with the above late-filed tax returns.

On audit for 1990 through 1993, utilizing specific items of income that had been deposited by petitioner into bank accounts, the existence of which accounts petitioner had not disclosed to respondent's representatives, respondent determined that petitioners had not reported on the above Federal income tax returns the income petitioner had received from the bookkeeping and tax return preparation services petitioner had rendered for his own clients.

The schedule below reflects the total net business income reported on petitioners' joint Federal income tax returns for 1990, 1991, 1992, and 1993, as late filed on January 5, 1996, the income that was earned by petitioner for bookkeeping and tax

return preparation services that was not reported on petitioners'
late-filed Federal income tax returns, and petitioners' total
corrected net business income for each year, as well as
petitioners' Federal income tax liabilities as reported.[4]
Respondent made no adjustments to the expenses claimed on
petitioners' late-filed joint Federal income tax returns, and
petitioners have submitted no credible evidence as to their
entitlement to additional expenses.

| Year | Net Business Income Reported On Return | Omitted Income | Corrected Net Business Income | Tax Liability Reported |
|------|------|------|------|------|
| 1990 | $43,548 | $ 5,800 | $49,348 | $10,762 |
| 1991 | 31,367 | 16,200 | 47,567 | 7,428 |
| 1992 | 16,435 | 28,968 | 45,403 | 2,339 |
| 1993 | 16,605 | 42,825 | 59,530 | 2,346 |

On August 11, 2000, petitioner pled guilty in Federal District
Court to one count of a four-count felony indictment under section
7201 for income tax evasion relating to petitioners' Federal income
tax returns for 1990 through 1993. Petitioner's guilty plea
related to 1993.

---

[4] Due to settlement of a number of adjustments, petitioner's
corrected Federal income tax liabilities for each of the years in
issue will be determined in a Rule 155 computation.

OPINION

To establish fraud, respondent has the burden of proving by clear and convincing evidence that the taxpayer made an underpayment of Federal income taxes and that the taxpayer's underpayment was due to fraudulent intent. Sec. 7454(a); Rule 142(b); Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990), affg. in part, revg. in part, and remanding an Order of this Court; Schaffer v. Commissioner, 779 F.2d 849, 857 (2d Cir. 1985), affg. in part and remanding Mandina v. Commissioner, T.C. Memo. 1982-34; Clayton v. Commissioner, 102 T.C. 632, 646 (1994); Recklitis v. Commissioner, 91 T.C. 874, 909 (1988).

Because there is rarely direct proof of fraudulent intent, respondent may sustain his burden utilizing circumstantial evidence. Douge v. Commissioner, supra; Schaffer v. Commissioner, supra; Clayton v. Commissioner, supra at 647; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Courts have developed certain indicia of fraud, including the following: (1) Understatements of income; (2) inadequate books and records; (3) failure to file income tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealed assets; (6) failure to cooperate with tax authorities; (7) dealing in cash; (8) filing false documents; and (9) false statements. United States v. Klausner, 80 F.3d 55, 62 (2d Cir. 1996); Douge v. Commissioner, supra (citing Bradford v. Commissioner, 796 F.2d 303,

307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601); O'Connor v. Commissioner, 412 F.2d 304, 310 (2d Cir. 1969), affg. in part and revg. in part T.C. Memo. 1967-174.

A taxpayer's experience, knowledge, and ability as a bookkeeper and tax return preparer are also factors to be considered with respect to fraudulent intent. O'Connor v. Commissioner, supra.

Petitioner admits that on petitioners' 1993 joint Federal income tax return he fraudulently failed to report a substantial amount of income he earned in 1993, and in related criminal proceedings petitioner pled guilty to tax evasion with regard thereto.

With regard to 1990, 1991, and 1992, petitioner acknowledges that he carried on a separate business out of his home performing bookkeeping and tax return preparation services for his own clients and that on his late-filed joint Federal income tax returns for those years he did not report such income.

Petitioner contends generally, however, that the Forms 1099 that he received in 1990, 1991, and 1992 from insurance companies overstated the actual amounts that petitioner received from the companies and therefore that the amounts of income relating thereto were overstated on petitioners' 1990, 1991, and 1992 joint Federal income tax returns. Petitioner claims that such Form 1099 overstatements of income might more than offset the omitted income

relating to his bookkeeping and tax return services. Petitioner's vague allegations regarding overreported Form 1099 income are not credible. Among other things, petitioner did not identify specifically which Forms 1099 reflected overstatements of income, and petitioner did not indicate any specific amounts of alleged overstatements.

Petitioner's training and work as a bookkeeper and tax return preparer, his failure to keep records of his bookkeeping and personal tax return preparation activities, his misstatements to respondent's representatives, his pattern of filing petitioners' income tax returns late, only after contact by respondent, and of reporting thereon only Form 1099 income, not income from his personal bookkeeping and tax preparation activities, taken together indicate strongly and establish that petitioner fraudulently filed the 1990, 1991, and 1992 joint Federal income tax returns.

Petitioner argues that respondent has not satisfied his burden of proving fraud by clear and convincing evidence. Rule 142(b). Certainly, some questions remain. Better documentation and more effort could have been expended by respondent's representatives to rebut petitioner's contention that the Form 1099 income was overstated. We believe, however, and conclude that petitioner's fraud has been proven in a clear and convincing manner.

Due to the remaining issue to be resolved, regarding

Mrs. Levine,

<u>An appropriate order will</u>

<u>be issued</u>.